I. INTRODUCTION
This case comes before the court on a Motion to Dismiss filed by Defendant (the department).
 II. FACTS
Plaintiff (taxpayer) filed a complaint in the Regular Division of this court on June 12, 2006, asserting that the department had improperly assessed certain taxes against her. Taxpayer's complaint did not allege that she had paid the tax assessed, and all penalties and interest due, on or before the filing of that complaint. See ORS 305.419(1)[1] ("Except as provided in subsection (3) of this section, in any appeal * * * involving a deficiency of taxes imposed upon or measured by net income, the tax assessed, and all penalties and interest due, shall be paid to the department on or before the filing of a complaint with the regular division of the Oregon Tax Court * * *."); TCR 18 C ("In all income tax cases where the plaintiff is the taxpayer, the complaint must allege that the assessed taxes, penalties, and interest have been paid, and the requested relief should be for a refund."). Tax-payer also did not file with the complaint an affidavit alleging that payment of the tax, penalties, and interest would be an undue hardship.See ORS 305.419(3) ("Where payment of the tax, penalties and interest would be an undue hardship, plaintiff may file an affidavit alleging undue hardship with the complaint."); TCR 18 C ("Complaints alleging undue hardship must be accompanied by (1) a motion for stay of payment and (2) an affidavit setting forth the specific facts and circumstances which establish undue hardship.").
The department filed a motion to dismiss under TCR 21 A(1) (lack of subject matter jurisdiction), and attached to *Page 125 
that motion the affidavit of Jason Barbee, an auditor, who stated that, as of June 12, 2006, taxpayer had not paid the taxes, penalty, and interest owed the department. SeeRichards v. Dept. of Rev., 19 OTR 84, 87 (2006) (noting that, in the context of a motion to dismiss brought under TCR 21 A(1), the court may consider affidavits and other evidence). Taxpayer subsequently filed a Motion for Stay of Payment of Income Tax and an Affidavit of Undue Hardship.
 III. ISSUE Should taxpayer's complaint be dismissed? IV. ANALYSIS 1-3. In Leffler Industries v. Dept. of Rev.,299 Or 481, 483, 704 P2d 97 (1985), the Supreme Court held that the requirement of ORS 305.419(1) that a taxpayer must pay the tax assessed and all penalties and interest due, on or before the filing of a complaint in the Regular Division, is jurisdictional. See also Lowry v. Dept. of Rev.,15 OTR 221 (2000) (holding the same). In Smith v. Dept. ofRev., 16 OTR 44, 45 (2002), this court held that the alternative requirement of ORS 305.419(3) that a taxpayer must file an affidavit of undue hardship with the complaint is also jurisdictional. The rule of those cases is clear: in income tax cases appealed to the Regular Division, a taxpayer's complaint must be dismissed unless the taxpayer either pays the tax assessed and all penalties and interest due, on or before the filing of the complaint, or files with the complaint an affidavit alleging undue hardship.[2] See also ORS305.419(3) ("Failure by the plaintiff to pay the taxes, penalties and interest or to establish undue hardship
will be cause for dismissing the complaint.") (emphasis added). Here, taxpayer failed to pay the taxes owed on or before filing her complaint, and she failed to file her affidavit of undue hardship with her complaint. Accordingly, taxpayer failed to comply with the alternative requirements of ORS 305.419(1) and (3); dismissal is appropriate.[3] *Page 126 4. The department is not satisfied with that result, but seeks damages under ORS 305.437 and attorney fees under ORS20.105(1). ORS 305.437 states:
 "(1) Whenever it appears to the Oregon Tax Court that proceedings before it have been instituted or maintained by a taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless, damages in an amount not to exceed $5,000 shall be awarded to the Department of Revenue by the Oregon Tax Court in its judgment. * * *.
 "(2) As used in this section, a taxpayer's position is `frivolous' if there was no objectively reasonable basis for asserting the position."
The department does not argue, and there is no evidence showing, that taxpayer instituted or maintained this action primarily for delay. Accordingly, the department could recover damages under ORS 305.437 only if taxpayer took a position here that was frivolous or groundless. See Dept. of Rev. v. Croslin,19 OTR 69, 77 (2006) (explaining when an award of damages is possible under ORS 305.437).
ORS 20.105(1) states:
 "In any civil action, suit or other proceeding in * * * the Oregon Tax Court, * * * the court shall award reasonable attorney fees to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that * * * there was no objectively reasonable basis for asserting the claim, defense or ground for appeal."
 5, 6. This court has held that the "frivolous" standard under ORS 305.437 and the standard set out by ORS20.105 are the same. Freitag v. Dept. of Rev.,19 OTR 37, 45 (2006). But see Croslin, 19 OTR at 81 (noting exception to that rule whereby a taxpayer can avoid an award of attorney fees by asserting one or more nonfrivolous claims). The question is whether taxpayer's position was "entirely devoid of legal or *Page 127 
factual support." Id. (quoting Patton II v. Dept.of Rev., 18 OTR 256, 263 (2005)). That is a difficult question to answer given the procedural posture of this case, because it begs the further question: What position did taxpayer take in this case, if any? Taxpayer took no position on the department's motion to dismiss, but instead filed the motion and affidavit that she should have filed with her complaint. Had she taken a position on the department's motion, it is possible that the position might have been frivolous, in which case the department might be entitled to damages and attorney fees. But that did not happen here. The only other positions that tax-payer took in this case were the assertion in her complaint that the department had improperly assessed certain taxes against her, and her assertion that payment of the taxes owed would be an undue hardship. The court will not consider those assertions, however, because it has already determined that taxpayer's complaint must be dismissed for lack of jurisdiction. A lack of jurisdiction is nothing if not a bar to consideration of the merits of a complaint. See Black's Law Dictionary 855 (7th ed 1999) (defining jurisdiction as "2. A court's power to decide a case or issue a decree"). Similarly, the court's lack of jurisdiction in this case also operates to bar it from considering the merits of taxpayer's motion to stay payment.
 V. CONCLUSION
The court concludes that taxpayer failed to comply with the jurisdictional requirements of ORS 305.419 and that the department is not entitled to an award of attorney fees or damages. Now, therefore,
IT IS ORDERED that Defendant's Motion to Dismiss is granted.
[1] All references to the Oregon Revised Statutes (ORS) are to the 2005 edition.
[2] It is possible that a taxpayer may receive an extension of up to 30 days to pay the taxes, penalties, and interest.See ORS 305.419(3) (so stating). That extension is only possible, however, if the court finds that such payment would not cause the taxpayer undue hardship. See ORS305.419(3) (so stating); TCR 18 C (describing the process by which the court would make that finding). Such a finding could occur only after the timely filing of an affidavit alleging undue hardship.
[3] TCR 18 C requires more of a taxpayer than either ORS305.419(1) or (3) do in that it requires an allegation of payment or the filing of a motion to stay payment. To the degree that a taxpayer complies with either section of the statute, but fails to comply with TCR 18 C, it is possible that the defect might not be jurisdictional, though it may subject the taxpayer to a motion to dismiss for failure to state a claim, TCR 21 A(8). *Page 128