DECISION OF DISMISSAL
This matter is before the court on the Douglas County Assessor's (County) Answer Motions to Dismiss (Answer), filed March 30, 2011, and its Amended Answer Motions to Dismiss (Amended Answer), filed April 6, 2011. A case management conference was held in this matter on April 18, 2011, during which the parties presented arguments on the County's motions to dismiss.
 I. STATEMENT OF FACTS
Plaintiff filed its Complaint on March 3, 2011, challenging two conference decisions issued by the Oregon Department of Revenue (Department) for the 2007-08 tax year: Conference Decision No 10-0010, mailed December 28, 2010, and Conference Decision No 10-0010X, mailed February 25, 2011. Plaintiff's Complaint of March 3, 2011, named only the County as Defendant.
On March 30, 2011, the County filed its Answer Motions to Dismiss, moving "to dismiss the complaint on the ground that the Department of Revenue has not been named as a defendant in this action, but the Department of Revenue is a necessary party defendant, because the order appealed from is that of the Department of Revenue, not the county." (Answer at 2.)
On April 5, 2011, Plaintiff filed its Motion to Amend Original Complaint and Motion in Opposition Douglas County Assessors Motion to Dismiss (Motion to Amend), stating that *Page 2 
Plaintiff "made a clerical error on its petition to the Tax Court Magistrate Division" and "amends its petition to substitute the Department of Revenue for case No 110106N[.]" (Id. at 1, 2.) Plaintiff noted that it "amended its complaint by correcting the typographical error within the 90 [day] appeal period from the Departments February 25, 2011 decision." (Id. at 2) Plaintiff included a Certificate of Service certifying that the Motion to Amend was "sent by First Class Mail" to the "Oregon Tax Court, Magistrate Division" and to "Douglas County Assessor" only.
On April 6, 2011, the County filed its Amended Answer Motions to Dismiss, reiterating its motion to dismiss because "the Department of Revenue has not been named as a defendant in this action, but the Department of Revenue is a necessary party defendant, because the order appealed from is that of the Department of Revenue, not the county." (Amended Answer at 2.)
At the case management conference on April 18, 2011, the County's authorized representative, Paul E. Meyer (Meyer), argued in support of the County's motions to dismiss, stating that Plaintiff's motion to amend its Complaint is governed by Tax Court Rule (TCR) 23 because the Magistrate Division rules do not include a rule on point. He argued that, pursuant to TCR 23, Plaintiff must seek leave of the court or written consent of the adverse party in order to amend its Complaint. At least with respect to the Department's Conference Decision No 10-0010, Plaintiff's motion to amend the Complaint to name the Department as a defendant was not filed within the 90 day time period required by TCR 23 A and should, therefore, be denied.
Plaintiff's authorized representative, Valynn Currie (Currie), agreed that the Department is the proper defendant and requested that the County be dismissed as Defendant. Currie argued that Plaintiff's appeal was filed within the 90 day time period and that "substantial justice" requires the court to hear this matter and order the Department to grant a merits hearing. *Page 3 
 II. ANALYSIS
Plaintiff seeks to amend its Complaint to name the Department as Defendant. TCR 23 governs amended pleadings, stating in pertinent part:
 "A Amendments. A pleading may be amended by a party once as a matter of course any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted, the party may so amend it at any time within 20 days after it is served. Otherwise, a party may amend the pleading only by leave of court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Whenever an amended pleading is filed, it shall be served upon all parties who are not in default[.]
 * * * * *
 "C Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, such party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining any defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party brought in by amendment:'
 "D How Amendment Made. When any pleading is amended before trial, mere clerical errors excepted, it shall be done by filing a new pleading, to be called the amended pleading, or by interlineation, deletion, or otherwise. Such amended pleading shall be complete in itself, without reference to the original or any preceding amended one.
 "D(2)(a) Except as provided in subsection D(2)(b), whenever a motion for leave to amend a pleading is submitted to the court, it must include, as an attached exhibit to the affidavit, the entire text of the proposed amended pleading The text of the pleading must be formatted as required by this rule. Any material to be added to the pleading by the requested amendment must be inserted and set out in bold and underlined and any material to be deleted must be bracketed and italicized.
 "D(2)(b) If the motion to amend is for a pleading that was composed using preprinted forms that have been completed by filling in the blanks, the moving party may comply with this rule by making a copy of the filed pleading and *Page 4 
inserting brackets around the material to be deleted and by interlineating and underlining the material to be inserted in the proposed amended pleading."[1]
(Emphasis added).
A. Conference Decision 10-0010
In the present case, Plaintiff sought leave of this court to file an amended complaint naming the Department as defendant when it filed its Motion to Amend on April 5, 2011. Plaintiff failed to submit a proposed amended complaint as required by TCR 23 D or to provide "notice of the institution of the action" to the Department "within the period provided by law for commencing the action[,]" as required by TCR 23 C. Furthermore, as Meyer stated during the April 18, 2011, case management conference, the 90 day appeal period had elapsed prior to the date that Plaintiff filed its Motion to Amend with respect to Conference Decision No 10-0010. Thus, even if Plaintiff's motion to amend its Complaint were allowed, it would not be timely with respect to Conference Decision No 10-0010.
B. Conference Decision 10-0010X
Plaintiff asserts that it "amended its complaint * * * within the 90 [day] appeal period from the Departments February 25, 2011 decision." (Motion to Amend at 2.) As discussed above, Plaintiff did not submit a proposed amended complaint and did not serve a copy of its Motion to Amend on the Department. Thus, Plaintiff failed to meet the requirements for amending its Complaint to name the Department under TCR 23. *Page 5 
C. Substantial justice
Currie cites the preface to the Magistrate Division Rules: "All pleadings shall be liberally construed with a view of substantial justice between the parties." (Ptf's Ltr, Apr 20, 2011.) Liberal construction of the pleadings does not include the addition of parties not previously named. ORS 305.501(4)(a)[2] addresses substantial justice, stating, in pertinent part, that:
 "Subject to the rules of practice and procedure established by the tax court, a magistrate is not bound by common law or statutory rules of evidence or by technical or formal rules of procedure, and may conduct the hearing in any manner that will achieve substantial justice."
That statutory provision gives tax court magistrates wide latitude in conducting hearings to achieve substantial justice. However, ORS 305.501(4)(a) applies only to hearings and, furthermore, does not exclude the application of tax court "rules of * * * procedure[.]" This court is bound by its own rules of procedure, including TCR 23. Plaintiff here failed to meet the requirements of TCR 23 and its Motion to Amend must be denied.
D. Motion to Dismiss
Defendant moves for dismissal of this appeal because "the order appealed from is that of the Department of Revenue, not the county." (Answer at 2.) Plaintiff agrees that the Department is the proper defendant in this matter and asks that the County be dismissed as Defendant. Plaintiff has not successfully named another defendant. If the County is dismissed as Defendant, "there is no longer an action against a named party defendant" and Plaintiff's Complaint must be dismissed. Pickering v. Dept. of Rev., TC-MD No 070088C at 4 (May 22, 2007). Finding that Plaintiff failed to name the proper party as a defendant in this matter and that dismissal of the County as Defendant would result in no action against a named party defendant, the court concludes that the County's motion to dismiss must be granted. *Page 6 
E. Attorney Fees
The County requested attorney fees pursuant to ORS 20.105(1), which states:
 "In any civil action, suit or other proceeding in a circuit court or the Oregon Tax Court, or in any civil appeal to or review by the Court of Appeals or Supreme Court, the court shall award reasonable attorney fees to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party willfully disobeyed a court order or that there was no objectively reasonable basis for asserting the claim, defense or ground for appeal."
This court has determined that "a claim lacks an `objectively reasonable basis' when it is `entirely devoid of legal or factual support.'" Patton II v. Dept. of Rev.,18 OTR 256, 259 (2005) (citations omitted).
Given the procedural posture of this case, it is difficult for the court to determine whether Plaintiff's claims are "entirely devoid of legal or factual support." See Curtis I v. Dept. of Rev.,19 OTR 123, 127 (2006) (denying the defendant's request for attorney fees where the taxpayer's appeal was dismissed for lack of jurisdiction because "[a] lack of jurisdiction is nothing if not a bar to consideration of the merits of a complaint.") The court has not reached the merits of Plaintiff's appeal and the only relevant claims made by Plaintiff are those in response to the County's Motion to Dismiss.
The court notes that another statute, ORS 305.490, specifically limits an award of attorney fees to proceedings "before the tax court judge." ORS 305.490(3), (4). The language in ORS 305.490 limiting awards of attorney fees to proceedings before the "tax court judge" was added in 1995 by House Bill 2325, which also created the Magistrate Division of the Oregon Tax Court. Or Laws 1995, ch 650, §§ 2, 6. The limitation of attorney fee awards to proceedings "before the tax court judge" suggests that the legislature did not intend to allow such awards in proceedings in the Magistrate Division. See also Rose Court Associates, LTD v.Jackson County Assessor, TC-MD No 030502C (Mar 10, 2005) (denying "Plaintiff's request for an award for *Page 7 
appraisal fees and other costs * * * because only the judge of the Tax Court may grant such an award.") For the forgoing reasons, the County's request for attorney fees is denied.
 III. CONCLUSION
Plaintiff failed to name the Department as a defendant in this matter and failed to amend its Complaint to name the Department under TCR 23. Because the proper party has not been named as a defendant, the County's Motions to Dismiss must be granted. The County's request for attorney fees is denied based on the procedural posture of this case and ORS 305.490, which limits attorney fees to proceedings before the tax court judge. Now, therefore,
IT IS DECIDED that Plaintiffs Complaint is dismissed; and
IT IS FURTHER DECIDED that the County's request for attorney fees is denied.
Dated this ___ day of April 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Pro Tempore Allison R.Boomer on April 22, 2011. The Court filed and entered this documenton April 22, 2011.
[1] TCR 23 C is made applicable through the Preface to the Magistrate Division Rules, which states in pertinent part, that "[i]f circumstances arise that are not covered by a Magistrate Division rule, rules of the Regular Division of the Tax Court may be used as a guide to the extent relevant."
[2] All references to the Oregon Revised Statutes (ORS) are to 2009. *Page 1