134          January 10, 2013          No. 18

IN THE OREGON TAX COURT
REGULAR DIVISION

Daniel ERBLING,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 5124)

Plaintiff (taxpayer) appealed from a Magistrate Division decision as to income tax. Defendant (the department) moved to dismiss the complaint on the grounds that taxpayer had not paid the assessed tax or filed a motion and affidavit for stay of payment of tax due to hardship with the complaint as required by statute. Granting the department's motion, the court ruled that taxpayer's failure to pay tax or file a motion and affidavit for stay of payment with the complaint created a jurisdictional defect that was fatal to the appeal.

Submitted on Defendant's Motion to Dismiss.

Daniel Erbling, Plaintiff (taxpayer), filed a response *pro se*.

James C. Wallace, Senior Assistant Attorney General, Department of Justice, Salem, filed the motion for Defendant (the department).

Decision for Defendant rendered January 10, 2013.

### HENRY C. BREITHAUPT, Judge.

This matter comes before the court on Defendant's Motion to Dismiss, filed on October 31, 2012, and Plaintiff's response to the motion, filed December 14, 2012. Plaintiff filed his complaint on October 4, 2012. At that time, Plaintiff had not paid the taxes, associated penalties and interest for tax years 2007, 2008, and 2009 as required by ORS 305.419(1).[1] Nor had Plaintiff filed a motion for stay of payment of taxes with proof that doing so would create an undue hardship, as required by ORS 305.419(3).

Pursuant to ORS 305.419(1) "in any appeal from an order, act, omission or determination of the Department

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2011.

of Revenue involving a deficiency of taxes imposed upon or measured by net income, the tax assessed, and all penalties and interest due, *shall* be paid to the department *on or before* the filing of a complaint with the regular division of the Oregon Tax Court." (Emphases added.)

Pursuant to ORS 305.419(3): "Where payment of the tax, penalties and interest would be an undue hardship, plaintiff may file an affidavit alleging undue hardship *with* the complaint." (Emphasis added.)

Failure to pay the tax assessed, and all penalties and interest due, or failure to file a motion for stay of payment with proof of undue hardship at the time a complaint is filed, creates a jurisdictional defect that is fatal to a taxpayer's appeal. *Curtis I v. Dept. of Rev.*, 19 OTR 123 (2006).

After reviewing the motion and response and being fully advised of the premises, the court finds that Defendant's Motion to Dismiss should be granted. Now, therefore,

IT IS ORDERED that Defendant's Motion to Dismiss is granted.