IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| DONALD J. HEFFLINGER and MICHELLE M. GRIFFITHS, | ) ) ) | |
| Plaintiffs, | ) ) | TC-MD 240450G |
| v. | ) ) ) | |
| DEPARTMENT OF REVENUE, State of Oregon, | ) ) ) ) | |
| Defendant. | ) | **DECISION OF DISMISSAL** |

This matter came before the court on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Request for Frivolous Appeal Penalties and Attorney Fees. Plaintiffs did not file a response.

Plaintiffs appealed Defendant's offset of their 2023 refund to pay a delinquent account with the Department of Consumer & Business Services (DCBS), alleging in their Complaint that the offset was "tax fraud" by DCBS.

In a prior case dismissed by this court, *Hefflinger v. Department of Revenue*, TC–MD 230312N, 2024 WL 954162 (Or Tax M Div Mar 6, 2024) (*Hefflinger I*), Plaintiffs challenged the offset of their 2021 and 2022 refunds to pay a debt to DCBS. The reasoning of that decision is applicable here: Defendant is statutorily required to collect state agency debts from tax refunds, and there is no right of appeal to this court from actions by DCBS. Plaintiffs have not stated a claim over which this court has subject matter jurisdiction.

Defendant argues that Plaintiffs are subject to penalties under ORS 305.437 and 20.105 for filing a "frivolous appeal"; *i.e.*, for asserting a position lacking an "objectively reasonable

basis." ORS 305.437(2)(a); 20.105(1).[1] Defendant relies on the formula given in *Detrick v.*

*Oregon Department of Revenue*, 311 Or 152, 157, 806 P2d 682 (1991):

> "[W]e interpret 'groundless' to mean that the taxpayer's position be entirely devoid of factual or legal support. By 'entirely devoid of factual or legal support,' we mean this: As to factual support, no evidence is offered that, if believed, would support a finding and a resulting judgment for the taxpayer in the Tax Court. As to legal support, there is no law—caselaw, statute, rule, or regulation—that supports the taxpayer's claim to relief in the Tax Court."

(Footnote omitted; citing *Mattiza v. Foster*, 311 Or 1, 7–8, 803 P2d 723 (1990).) Because no law

supports a claim for relief in a court that lacks jurisdiction, Defendant urges this court to impose

on Plaintiffs the penalties consequent on filing a frivolous appeal.

Despite the specificity with which the *Detrick* court formulated its definition, it did not

apply that formula to a claim for relief over which the Tax Court lacked jurisdiction; rather, it

upheld a frivolous appeal penalty where the taxpayers spuriously claimed that the Department of

Revenue was bound by the taxpayers' entries on their federal returns and lacked authority to

assess a deficiency independently of the federal Internal Revenue Service. *Detrick*, 311 Or at

158. Our Supreme Court has elsewhere held that a taxpayer's claims were outside this court's

jurisdiction without imposing frivolous appeal penalties. *See Sanok v. Grimes*, 294 Or 684, 662

P2d 693 (1983) (holding tort claims against assessor outside Tax Court's jurisdiction).

Other frivolous appeal awards cited by Defendant followed upon meritless claims over

which this court nevertheless had jurisdiction. *See Combs v. Dept. of Rev.*, 331 Or 245, 248,

14 P3d 584 (2000) (upholding penalty where taxpayer claimed wages and unemployment

compensation were not taxable income); *Yanez v. Dept. of Revenue*, 18 OTR 276, 282 (2005)

(imposing penalty in valuation case because "taxpayers submitted no evidence and have

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2021.

identified no laws that could displace the force of the sales price that they paid shortly before the assessment date"); *Freitag v. Dept. of Revenue*, 19 OTR 37, 45 (2006) (awarding attorney fees in valuation case where "taxpayers chose to offer nothing to substantiate their claims but bald testimony and erroneous theories"); *Sesma v. Dept. of Revenue*, 16 OTR 29 (2002) (finding appeal frivolous where taxpayers argued "there was no general income tax levied against the population at large in 1939 or since").

This court has held that it cannot evaluate the frivolousness of allegations contained in a complaint dismissed for lack of jurisdiction. *Curtis v. Dept. of Rev.*, 19 OTR 123 (2006) (denying department's request for frivolous appeal penalty and attorney fee award); *see also Tyler Fuqua Creations, Inc. v. Dept. of Rev.*, 23 OTR 382, 392 (2019) (stating court unable to consider whether claim had even one reasonable argument where complaint was dismissed for failure to prosecute). In *Curtis*, the court granted the department's motion to dismiss because the taxpayer had neither paid the tax before appealing to the Regular Division nor filed an affidavit of undue hardship, which was then thought to place the complaint outside the Tax Court's jurisdiction.[2] *Id*. at 125. The court held that it could not consider whether the allegations in the complaint were frivolous because a "lack of jurisdiction is nothing if not a bar to consideration of the merits of a complaint." *Id*. at 127. The taxpayer in *Curtis* had not adopted any position outside of her complaint, frivolous or not, because she had not responded to the department's motion dismiss, so the court denied the department's request for a penalty. *Id*.

Here, Plaintiffs' claim is outside this court's jurisdiction, and the court therefore does not evaluate its merit. *See Curtis*, 19 OTR at 127. As in *Curtis*, Plaintiffs did not file a response to

---

[2] Our Supreme Court has since held that failure to file an affidavit of undue hardship is not a jurisdictional defect. *Scott v. Dept. of Rev.*, 358 Or 795, 806, 370 P3d 844 (2016).

Defendant's motion to dismiss, and so have not adopted any position outside the Complaint.

Defendant's brief emphasizes that Plaintiffs have previously challenged their DCBS debt in this court in conjunction with prior years' offsets and received a magistrate's decision explaining this court's lack of jurisdiction. *See Hefflinger I*, 2024 WL 954162. However, the law provides no basis for penalizing taxpayers who do not accept a magistrate's adverse decision. To the contrary, ORS 305.501(5)(a) allows parties dissatisfied with a magistrate's decision to appeal, and prudent taxpayers often file protective appeals in the Magistrate Division for subsequent years while awaiting resolution of their prior year claims.

Because Plaintiffs' Complaint is dismissed and they have not adopted any frivolous position outside the Complaint, there is no ground to impose the frivolous appeal penalty or attorney fees.[3] Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' Complaint be dismissed.

IT IS FURTHER DECIDED that Defendant's request for frivolous appeal penalties and attorney fees be denied.

Dated this _____ day of September 2024.

POUL F. LUNDGREN
MAGISTRATE

***If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.***

*/ / /*

---

[3] Numerous envelopes mailed to Plaintiffs have been returned to the court with the address scraped off. Plaintiffs could become liable for attorney fees in future litigation if it were determined they were responsible for scraping off addresses and if they "willfully disobeyed a court order" to desist. *See* ORS 20.105(1).

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed.  TCR-MD 19 B.*

*This document was signed by Magistrate Poul F. Lundgren and entered on September 16, 2024.*