IN THE OREGON TAX COURT
REGULAR DIVISION

William Ray SMITH,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4562)

William Ray Smith, Plaintiff (taxpayer), filed a response *pro se*.

Wendy Sanderson, Assistant Attorney General, Department of Justice, Salem, filed the motion for Defendant (the department).

Decision for Defendant rendered May 15, 2002.

**HENRY C. BREITHAUPT, Judge**.

This matter is before the court on Defendant Department of Revenue's (the department) Motion to Dismiss and replies filed by Plaintiff (taxpayer) and the department.

Based on the assertion that he obtained a discharge of his 1990, 1991, and 1993 state income taxes through federal "Chapter 13" bankruptcy proceedings, taxpayer requests that this court enforce the injunction contained in the bankruptcy discharge order and direct the department to send a notice of abatement to taxpayer for the assessments at issue. In filing his Complaint, taxpayer did not comply with the

requirements of ORS 305.419[1] and TCR 18 C, both of which require that taxes, penalties, and interest be paid on or before a complaint is filed in this court in income tax cases. Although the statute and rule permit allegations of undue hardship and requests for stay of the obligation to pay taxes, penalties, and interest, such requests must be filed in a timely fashion.

Taxpayer first asserted undue hardship in his reply to the department's Motion to Dismiss. Taxpayer had 60 days from entry of the Magistrate Decision to perfect his appeal by filing a complaint with an allegation of payment of income tax or an allegation of undue hardship. *See* ORS 305.419; TCR 18 C. Although taxpayer's Complaint was received within the statutorily required 60 days, his allegation of hardship was not received until after the appeal period ended.

It is the decision of this court that taxpayer's Complaint be dismissed for failure to comply with the requirements of ORS 305.419 and TCR 18 C.

Dismissal in this case is also appropriate considering the nature of relief requested by taxpayer, which, if taxpayer is correct in his legal positions, would involve this court enforcing an injunction of a federal bankruptcy court.[2] In his Complaint, taxpayer raises the question of whether Oregon income tax liability for certain years has been discharged. The federal bankruptcy court is the best forum within which to determine what actually occurred in the course of taxpayer's bankruptcy case and whether or how the bankruptcy statutes and the relief previously granted by that court apply to the past, present, or future actions of the department. Now, therefore,

IT IS ORDERED that Defendant's Motion to Dismiss is granted, and

IT IS FURTHER ORDERED that Plaintiff's Complaint is dismissed. Costs to neither party.

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2001.

[2] This court has previously declined to consider bankruptcy discharge claims. *See Sayles v. Dept. of Rev.*, 13 OTR 324, 328 (1995).