No. 39          December 18, 2013          313

IN THE OREGON TAX COURT
REGULAR DIVISION

Leslie SCOTT,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 5192)

Plaintiff (taxpayer) appealed from a Magistrate Division decision as to income tax. Taxpayer moved for a stay of payment of income tax, but an accompanying hardship affidavit required by statute was not received by the court. Defendant (the department) moved to dismiss taxpayer's complaint on the ground of the defect. Taxpayer's counsel argued that even if a hardship affidavit was not received by the court, the court could, via its rules, consider counsel's signature to the motion as an equivalent affidavit. Granting the department's motion to dismiss, the court ruled that the filing of a hardship affidavit must be with the complaint and not later, and that the court's rules do not have the same authority as statute, therefore provisions on the certification of matters subscribed by counsel cannot be treated as making assertions made over an attorney's signature the equivalent of an affidavit of a taxpayer.

Oral argument on Defendant's Motion to Dismiss was held via telephone on December 9, 2013.

Orrin L. Grover, Attorney at Law, Woodburn, filed a response and argued the cause for Plaintiff (taxpayer).

Vanessa A. McDonald, Assistant Attorney General, Department of Justice, Salem, filed the motion and argued the cause for Defendant Department of Revenue (the department).

Decision for Defendant rendered December 18, 2013.

**HENRY C. BREITHAUPT, Judge.**

This matter is before the court on the motion to dismiss filed by Defendant Department of Revenue (the department). Plaintiff (taxpayer) filed an opposition to the motion and a hearing was held on the matter on December 9, 2013.

In an attempt to appeal from a decision of a magistrate, counsel for taxpayer asserts that, to his best recollection, he sent to the court a complaint, declaration of mailing,

motion for stay of the requirement to pay tax as required by ORS 305.419, a hardship declaration and the filing fee for the complaint.[1] The court received all of the foregoing items except for the hardship declaration.[2] At the hearing on this matter, counsel for taxpayer stated that he did not know why the court did not receive the declaration, but that he may be mistaken about his best recollection that it was in the packet sent to the court.

To satisfy the jurisdictional requirements of the statutes, where tax, interest and penalty (hereafter "tax") is not paid on or before the filing of the complaint, "*plaintiff may* file an affidavit alleging undue hardship *with the complaint*." ORS 305.419(3) (emphasis supplied). Although the word "may" is generally permissive, in the context of the requirements of ORS 305.419(1) stating the requirement of payment of tax, the apparently permissive "may" becomes, in fact, a requirement if a plaintiff, such as the taxpayer here, does not pay the tax in full at the time of filing. Further, the statute is clear that the filing of the affidavit must be with the complaint and not later. The court cannot rewrite the statute to allow the filing of a declaration long after the filing of the complaint.[3]

Taxpayer's counsel argued at the hearing that even if a hardship document signed by taxpayer was not received by the court at the time the complaint was filed, his actions in subscribing to the motion filed with the complaint should be considered the "affidavit" of the "plaintiff" required by

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2011.

[2] In opposition to the motion to dismiss, taxpayer filed a Declaration and Application For Waiver or Deferral of Fees and Court Costs, on a form provided on the web site of the court. The document was dated August 21, 2013. Although a form of affidavit, rather than declaration, is provided on the web site of the court for use in connection with tax payment hardship motions, the form for waiver or deferral of filing fees was used by taxpayer—a fact acknowledged in the motion filed with the complaint—even though the form itself, as mentioned, was not received by the court.

[3] As this matter is decided based on the timing of the filing of a declaration signed by Plaintiff, the court does not address whether the use of a declaration rather than an affidavit, as required by the statute, constitutes another basis for this decision. The court calls to the attention of all counsel that although the rules of this court generally allow use of declarations instead of affidavits, the rules of this court do not have the authoritative status of the Oregon Rules of Civil Procedure and cannot displace statutory requirements.

ORS 305.419. Taxpayer's counsel asserts that the Tax Court Rule 17 provisions on the certification of matters subscribed by counsel should be treated as making assertions made over his signature the equivalent of an affidavit of the "plaintiff."

These positions by counsel for the taxpayer are not well taken. As mentioned in footnote 3 of this opinion, the rules of the Tax Court are not statutory or quasi-statutory in nature, as are the Oregon Rules of Civil Procedure. Accordingly, a rule of this court cannot—contrary to the statutory requirement—convert a certification by a lawyer *for* a plaintiff into an affidavit *by* a plaintiff. That is especially so as the court must assume that in adopting the language of ORS 305.419, the legislature must have assumed that plaintiffs in this court would often be represented by counsel. The specification in ORS 305.419 of an affidavit of "plaintiff," cannot be read as "a statement of the attorney for a plaintiff." Requiring an affidavit of the plaintiff personally is sensible because the affidavit must provide facts about the financial condition of the plaintiff and those facts are perhaps peculiarly within the knowledge of the plaintiff rather than his, her, or its attorney.

Taxpayer has the burden of proof that the provisions of ORS 305.419 were satisfied. A document signed by Plaintiff and setting forth financial information supporting the assertion of financial hardship was not received by the court with the complaint. Counsel for taxpayer only states that to his best recollection he included a declaration of Plaintiff in the packet sent to the court. Taxpayer has not provided evidence to the court that, more probably than not, the declaration was sent but misplaced by the court.

The assertions of taxpayer as to alternatives to timely receipt of an affidavit are not well taken. The motion signed by counsel does not satisfy the statutory requirement of an affidavit of Plaintiff.

The motion to dismiss is granted. Counsel for the department is directed to prepare an appropriate form of judgment. Costs to neither party. Now, therefore,

IT IS ORDERED that Defendant's Motion to Dismiss is granted.