No. 16　　　　March 24, 2016　　　　795

IN THE SUPREME COURT OF THE
STATE OF OREGON

Leslie SCOTT,
*Plaintiff-Appellant,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant-Respondent.*

(TC 5192, SC S062085)

On appeal from the Oregon Tax Court.*

Submitted on the briefs and the record July 16, 2015.

Orrin L. Grover, Woodburn, filed the briefs for appellant.

Vanessa A. McDonald, Assistant Attorney General, Salem, filed the brief for respondent. With her on the brief was Ellen F. Rosenblum, Attorney General.

Before Balmer, Chief Justice, and Kistler, Walters, Landau, Brewer, and Baldwin, Justices, and Linder, Senior Judge, Justice pro tempore.**

BALMER, C. J.

The judgment of the Tax Court is reversed, and the case is remanded to the Tax Court for further proceedings.

_____

\* On appeal from the Oregon Tax Court, Henry C. Breithaupt, Judge. 21 OTR 313 (2013)

\*\* Nakamoto, J., did not participate in the consideration or decision of this case.

**BALMER, C. J.**

Taxpayer appeals a judgment of the Regular Division of the Tax Court that dismissed his appeal from the Magistrate Division to the Regular Division for lack of jurisdiction. For the reasons set out below, we reverse the judgment of the Tax Court and remand to the Tax Court for further proceedings.

The facts, which are undisputed in all respects save one, are taken from the Tax Court decision and the record. In 2012, the Department of Revenue issued notices of deficiency assessments against taxpayer relating to his personal income taxes for the tax years 2007 and 2008. Taxpayer appealed, and the Magistrate Division of the Tax Court determined that taxpayer had substantiated some claimed deductions that the department had disputed, but also that he had additional unreported income.[1] Following the proceedings in the Magistrate Division, the department assessed additional income taxes for 2007 and 2008, and issued notices of liability balances to that effect. Taxpayer appealed to the Regular Division. The Tax Court received taxpayer's complaint, a declaration of mailing, a motion for a stay of the requirement to pay the taxes owed, and the filing fee for the complaint. The Tax Court did not, however, receive from taxpayer an affidavit, with the complaint, alleging that payment of the disputed amounts pending appeal would cause him undue hardship.

The department moved to dismiss taxpayer's complaint on the ground that the court lacked jurisdiction over the subject matter because taxpayer had not complied with the requirements of ORS 305.419[2] and

---

[1] Because of the procedural posture of this case, the Magistrate Division's decision is not relevant to any issue currently before us, and we do not discuss it further.

[2] Throughout this opinion, we cite and apply the 2011 version of the applicable statutes and rules.

ORS 305.419 (2011) provides, in part:

"(1) Except as provided in subsection (3) of this section, in any appeal from an order, act, omission or determination of the Department of Revenue involving a deficiency of taxes imposed upon or measured by net income, the tax assessed, and all penalties and interest due, shall be paid to the department on or before the filing of a complaint with the regular division of the

TCR 18 C.[3] Those provisions generally require that, as a precondition to appealing certain orders involving income tax deficiencies, the taxpayer must pay the taxes assessed and all penalties and interest due, or, alternatively, "file an affidavit alleging undue hardship with the complaint." Taxpayer opposed the department's motion and submitted a declaration by his counsel that, according to counsel's recollection, he had printed and assembled a packet for mailing to the Tax Court that included a complaint, a declaration of mailing, a motion for a stay, a hardship declaration, and a filing fee. Taxpayer's counsel further declared that the file origin data on his computer indicated that the complaint, motion, and declaration were all "last modified" within five minutes of each other on August 23, 2013, the date that he mailed the package. Counsel also submitted a copy of taxpayer's hardship declaration that he claimed he had included with the complaint.[4] The Tax Court held a telephonic hearing on the

---

Oregon Tax Court under ORS 305.560 or before a complaint specially designated for hearing in the regular division under ORS 305.501 is heard. The complaint shall be filed as a claim for refund.

"*****

"(3) Where payment of the tax, penalties and interest would be an undue hardship, plaintiff may file an affidavit alleging undue hardship with the complaint. If the tax court finds undue hardship, the tax court judge may stay all or any part of the payment of tax, penalty and interest required under subsection (1) of this section. If the tax court judge finds no undue hardship, the tax court judge may grant the plaintiff up to 30 days from the date of determination to pay the taxes, penalties and interest. Failure by the plaintiff to pay the taxes, penalties and interest or to establish undue hardship will be cause for dismissing the complaint."

[3] TCR 18 C (2011) provides, in part:

"In all income tax cases where the plaintiff is the taxpayer, the complaint must allege that the assessed taxes, penalties, and interest have been paid, and the requested relief should be for a refund. If the taxes, penalties, and interest have not been paid because payment would be an undue hardship, the complaint should so allege and seek to have the assessment set aside. Complaints alleging undue hardship must be accompanied by (1) a motion for stay of payment and (2) an affidavit setting forth the specific facts and circumstances which establish undue hardship. *See* ORS 305.419."

[4] The hardship declaration that plaintiff ultimately filed was on the form used by the Tax Court to determine whether a taxpayer is eligible to have the filing fee waived. Although that form generally provided the same information that would be included in an affidavit of hardship under ORS 305.419(3), it is not, in fact, an affidavit. The Tax Court noted that distinction, but did not rely upon it in deciding this case, and we do not address the issue.

department's motion, giving the parties an opportunity to elaborate on the factual and legal arguments made in their previously filed memoranda.

Ultimately, the Tax Court granted the department's motion. *Scott v. Dept. of Rev.*, 21 OTR 313, 315 (2013). The court stated that, to satisfy the jurisdictional requirements of the tax statutes, taxpayer was required to file an affidavit alleging undue hardship with the complaint. *Id.* at 314. It determined that, in context, the permissive "may" in ORS 305.419(3) ("plaintiff may file an affidavit alleging undue hardship with the complaint") becomes a mandatory requirement when the taxpayer does not pay the tax in full, as required by ORS 305.419(1). *Id.* Turning to the factual question of whether taxpayer had filed an affidavit with the complaint, the Tax Court noted that it had received all of the items taxpayer's counsel claimed he had sent, except for the hardship declaration. *Id.* The Tax Court observed that counsel for taxpayer stated only that, to the best of his recollection, he had included taxpayer's hardship declaration in the packet he mailed to the court. *Id.* at 315. The Tax Court stressed that, at the hearing on the department's motion, counsel for taxpayer "stated that he did not know why the court did not receive the declaration, but that he may be mistaken about his best recollection that it was in the packet sent to the court." *Id.* at 314.

The Tax Court concluded that taxpayer had not provided evidence that, more probably than not, the hardship declaration was sent but misplaced by the court. *Id.* at 315. The Tax Court also rejected taxpayer's legal argument that his counsel's action in signing the motion for stay of payment should be considered the affidavit of plaintiff because, under TCR 17, an attorney's signature certifies the accuracy of factual assertions contained in the motion—in this case, the factual basis for plaintiff's claim of hardship. *Id.* at 314-15. Taxpayer then filed a motion for reconsideration of the order and judgment, which the Tax Court denied. The Tax Court subsequently entered a judgment against taxpayer dismissing his complaint and sustaining the department's notices of tax assessment and liability balance for the 2007 and 2008 tax years.

Taxpayer now appeals the dismissal of his complaint. Our review is "limited to errors or questions of law or lack of substantial evidence in the record to support the tax court's decision or order." ORS 305.445.

A party dissatisfied with a Magistrate Division decision may appeal by filing a complaint in the Regular Division of the Tax Court within 60 days after the date of entry of the written decision. ORS 305.501(5)(a). *See generally* *Village at Main Street Phase II v. Dept. of Rev.*, 356 Or 164, 167-68, 339 P3d 428 (2014) (explaining differences between Magistrate Division and Regular Division). We first consider whether the filing of an affidavit of hardship with the complaint, as described in ORS 305.419(3), is a jurisdictional requirement for an appeal to the Regular Division of the Tax Court when a taxpayer challenges a department order assessing an income tax deficiency, if the taxpayer fails to pay the tax assessed on or before the date the complaint is filed.[5] Because we conclude that the filing of an affidavit of hardship with the complaint is not a jurisdictional requirement, we need not consider taxpayer's arguments that he met that statutory requirement. Instead, we reverse and remand for further proceedings before the Tax Court consistent with this opinion.

Taxpayer suggests that the Tax Court wrongly decided the case on which the department relies, *Curtis I v. Dept. of Rev.*, 19 OTR 123 (2006), which held that failure to comply with the alternative requirements of ORS 305.419(3) is a jurisdictional defect that requires dismissal. In turn, *Curtis* relied in part on this court's decision in *Leffler Industries v. Dept of Rev.*, 299 Or 481, 704 P2d 97 (1985). In *Leffler*, this court held that the requirement in

_____

[5] We note that the statute at issue here was amended in 2015, and that the situation in which taxpayer finds himself is unlikely to arise in the future. Subsection (3) of ORS 305.419 now provides:

"Where payment of the tax, penalty and interest would be an undue hardship, plaintiff may file an affidavit alleging undue hardship within the time described in subsection (1) of this section. A plaintiff's failure to file an affidavit alleging hardship is not grounds for dismissal of the complaint, provided the plaintiff files the affidavit within 30 days after receiving notice of lack of an affidavit alleging undue hardship from the court."

Or Laws 2015, ch 45, §1. The 2015 amendments took effect October 5, 2015 and do not apply to taxpayer's appeal in this case.

ORS 305.419(1)—to pay all taxes assessed, plus penalties and interest, on or before the filing of a complaint with the Tax Court—was a jurisdictional requirement. *Leffler*, 299 Or at 485-86. Following *Leffler*, the Tax Court held, as noted, that the alternative to paying the tax owed—establishing undue hardship by filing an affidavit to that effect with the complaint, as provided in ORS 305.419(3)—also is jurisdictional. *Smith v. Dept. of Rev.*, 16 OTR 44 (2002) (so holding); *see also Curtis* (same).

Taxpayer urges that "the underpinning of *Curtis* must be carefully analyzed," and stresses that *Curtis* does not bind this court in determining whether or how *Leffler* applies. Taypayer observes that ORS 305.419(1), which requires that a taxpayer appealing an order involving an income tax deficiency pay the amount owed, uses the mandatory command "shall." In contrast, ORS 305.419(3), which provides the alternative of filing an affidavit of undue hardship, uses the permissive term "may." For that reason, he suggests that *Curtis* was wrongly decided. Taxpayer argues that he adequately complied with any jurisdictional requirement in ORS 305.419 and that the Tax Court erred by dismissing his complaint for failure to comply with that statute.

Our task is to discern the legislature's intent in enacting ORS 305.419(3). ORS 174.020(1)(a). In interpreting a statute, we give primary weight to text and context. *State v. Gaines*, 346 Or 160, 171, 206 P3d 1042 (2009). For convenience, we again set out the text of ORS 305.419(3):

> "Where payment of the tax, penalties and interest would be an undue hardship, plaintiff may file an affidavit alleging undue hardship with the complaint. If the tax court finds undue hardship, the tax court judge may stay all or any part of the payment of tax, penalty and interest required under subsection (1) of this section. If the tax court judge finds no undue hardship, the tax court judge may grant the plaintiff up to 30 days from the date of determination to pay the taxes, penalties and interest. Failure by the plaintiff to pay the taxes, penalties and interest or to establish undue hardship will be cause for dismissing the complaint."

Taxpayer makes no substantive argument as to how the legislature intended ORS 305.419(3) to operate, beyond noting the use of the permissive word "may" in the phrase "may file an affidavit." The department, for its part, relies on the Tax Court's decision in *Curtis*, arguing that the affidavit was required to have been filed "with" the complaint, in a temporal sense, and that taxpayer's failure to do so is a jurisdictional defect fatal to his appeal.

This court is responsible for determining the correct meaning of a statutory provision, regardless of whether that interpretation is asserted by the parties. *Stull v. Hoke*, 326 Or 72, 77, 948 P2d 722 (1997). In the past, we have distinguished between statutes that are mandatory and those that are directory only. *McFarlane v. Cornelius*, 43 Or 513, 525-28, 73 P 325 (1903) (statute requiring proof of service of a summons by publication be made by affidavit of newspaper printer within six months after last day of publication is directory only; upholding service even though affidavit was filed outside the six-month window). However, in *Anaconda Company v. Dept. of Rev.*, 278 Or 723, 727, 565 P2d 1084 (1977), we observed that the words "mandatory" and "directory" are labels applied to conclusions about the effect attached to noncompliance with statutory requirements. We pointed out that use of those labels can confuse two distinct issues: first, the intended effect of a particular statutory requirement; second, whether the failure to follow a required procedure may nevertheless be excused. *Id.* at 726-27. That compliance with a statutory requirement is obligatory (*i.e.*, legally required) says little about whether a procedural failure is fatal. *Id.* at 727. That latter question necessarily is based on the particular statutory enactment and involves determining the legislature's intent. *Id.* at 727-28.

With that background, we first address whether taxpayer was required to file "an affidavit alleging undue hardship with the complaint." ORS 305.419(3). Ordinarily, the use of the word "may" in a statute is permissive; it denotes permission, authority, or liberty to do something. *See Nibler v. Dept. of Transportation*, 338 Or 19, 26-27, 105 P3d 360 (2005) (considering dictionary definitions of word "may").

Thus, ORS 305.419(3), by itself, authorizes, but does not require, the filing of an affidavit. But the choice of whether to file an affidavit comes with consequences. In that regard, ORS 305.419(1) provides context for ORS 305.419(3). The former subsection requires the payment of the tax assessed, along with penalties and interest, "on or before the filing of a complaint." ORS 305.419(1). The only exception to the payment requirement is "as provided in subsection (3) of this section[.]" *Id*. Accordingly, to be relieved from the payment requirement, a taxpayer must comply with the affidavit requirement in ORS 305.419(3).

Stated another way, the filing of an affidavit is permissive in the sense that it is not required to be filed in all circumstances; but it is legally required (in a sense, "mandatory") in situations where a taxpayer wishes to be exempted from the otherwise applicable obligation to pay the taxes assessed in order for the Regular Division of the Tax Court to have jurisdiction over the taxpayer's appeal. In the latter instance, the filing of an affidavit alleging undue hardship, as permitted by ORS 305.419(3), is obligatory. *See McCain v. State Tax Com.*, 227 Or 486, 489, 360 P2d 778 (1961), *overruled on other grounds by Stroh v. SAIF,* 261 Or 117, 120, 492 P2d 472 (1972). ("We think that the word 'may' in this context is permissive in the sense that it expresses the grant of a remedy which, but for the statute, would not have existed. But the means designated for making the remedy available to the taxpayer are an integral part of the grant.").

Our conclusion that ORS 305.419(3) requires a taxpayer to file an affidavit alleging undue hardship with his complaint (as an alternative to paying the taxes owed) as a condition of pursuing his appeal does not make such a filing necessarily jurisdictional. Rather, for the reasons discussed below, we conclude that the filing of an affidavit alleging undue hardship with the complaint is not jurisdictional.

We return to the wording of the statute. The first sentence provides that "[w]here payment of the tax *** would be an undue hardship, plaintiff may file an affidavit alleging undue hardship with the complaint." That sentence permits a taxpayer to file a hardship affidavit with the

complaint "where" payment of the tax "would be an undue hardship." The sentence does not indicate *who* makes the determination that payment of the tax "would be" an undue hardship. However, because the statute authorizes the taxpayer to take a specific action—to file an affidavit—the only reasonable inference is that, at least in the first instance, it is the taxpayer who does so, if the taxpayer asserts that payment of the tax "would be an undue hardship." The next two sentences are directed at the Tax Court and make clear that, the taxpayer's claim of hardship notwithstanding, the court renders the ultimate decision concerning whether payment of the tax would, in fact, be an undue hardship for the taxpayer. If the Tax Court finds undue hardship, the court "may stay all or any part of the payment of tax[.]" Conversely, if the Tax Court does not find undue hardship, the court "may grant the plaintiff up to 30 days from the date of determination to pay the taxes[.]"

The fourth and final sentence specifies the consequences of a taxpayer's failure to take certain action. A taxpayer's failure to pay the taxes "or to *establish* undue hardship *will be cause for dismissing the complaint*." (Emphasis added). From that sentence, we glean two things.

First, the alternative to not paying the taxes due on or before filing the complaint is not merely the filing of an affidavit; instead, the taxpayer must "establish" undue hardship. To be sure, a taxpayer may seek to establish undue hardship through the filing of an affidavit. But the emphasis on a taxpayer's need to "establish" undue hardship suggests the necessity for a procedure that provides an opportunity for the taxpayer to meet that requirement and for the Tax Court to determine whether the taxpayer has done so.

And, indeed, the Tax Court established just such a procedure when it promulgated TCR 18 C. That rule requires complaints alleging undue hardship to be accompanied by a motion for stay of payment as well as an affidavit "setting forth the specific facts and circumstances which establish undue hardship." The rule goes on to state:

    "In such cases, the following procedures shall apply:

"C(1)   The defendant may file objections to the motion for stay of payment within 30 days following service of the motion. If the defendant objects to the motion and the court cannot determine from the plaintiff's affidavit whether payment of the tax, penalty, and interest would be an undue hardship, the court may require the plaintiff to submit further proof of hardship in writing or the court may schedule a hearing for that purpose. All hardship hearings shall be conducted by telephone and recorded, unless the court determines that the circumstances require the parties to appear personally.

"C(2)   If the court finds undue hardship, an order will be entered staying payment of all or a portion of the assessed tax, penalty, and interest pending final judgment in the case. Defendant shall file a response to the complaint within 10 days following the date of the order staying payment.

"C(3)   If the tax court finds no undue hardship, the court shall issue an order granting the plaintiff up to 30 days from the date of the order to pay the tax, penalty, and interest. Failure of the plaintiff to pay the tax, penalty, and interest and to submit proof of payment within the time allowed by the court will be cause for dismissal of the complaint."

Thus, TCR 18 C does three things: (1) It adds a requirement not found in the statute (the filing of a motion for stay of payment); (2) it fleshes out what the affidavit must contain (the specific facts and circumstances which establish undue hardship); and (3) it sets out a procedure that enables the Tax Court to obtain additional information from which to evaluate a taxpayer's assertion of undue hardship (objections from the defendant; "further proof" from the taxpayer in writing or at a hearing). Accordingly, the filing of an affidavit is not the sole determinant of whether a taxpayer has complied with the alternative to the payment of taxes on or before the filing of the complaint.

Second, the final sentence of ORS 305.419(3) identifies the consequences of noncompliance with the statute: dismissal of the complaint. It is the failure to establish undue hardship, however, not the failure to file an affidavit with the complaint, that is cause for dismissal.

Statutory requirements related to court procedures are jurisdictional if the legislature intended them to be, *Frederick v. Douglas Co. et al.*, 176 Or 54, 63-64, 155 P2d 925 (1945), and we generally look at the purpose of a statute to determine whether the legislature intended compliance with a statutory provision to be a jurisdictional requirement. *See Hood River County v. Dabney*, 246 Or 14, 22-23, 423 P2d 954 (1967) (in enacting tax foreclosure statutes, legislature had two opposing interests to consider, interest of taxpayers in receiving notice, and interests of counties and purchasers at foreclosure sales in marketable title; concluding that all defects in tax foreclosure proceedings are nonjurisdictional unless taxpayer deprived of due process).

Returning to ORS 305.419, we note at the outset that that statute does not authorize a taxpayer to appeal anything. Compare *State v. Nix*, 356 Or 768, 773-74, 345 P3d 416 (2015) (statute providing that in any appeal appellate court may review claim that sentencing court failed to comply with requirements of law does not authorize state to appeal anything; instead, statute refers to issues that may be reviewed in a case otherwise appealable). Rather, it is ORS 305.501(5)(a) that authorizes a taxpayer's appeal. ("Any party dissatisfied with a written decision of a magistrate may appeal the decision to the judge of the tax court by filing a complaint in the regular division of the tax court within 60 days after the date of entry of the written decision.").[6] ORS 305.419(1) instead specifies a condition precedent for the subset of Tax Court appeals that involve income tax disputes: payment of the tax assessed, and all penalties and interest due, on or before the filing of the complaint. And ORS 305.419(3) then provides an alternative to that condition, if the taxpayer establishes that payment of the taxes would be an undue hardship. The legislature intended to provide a taxpayer the opportunity to obtain an exemption from the otherwise applicable requirement of payment of the assessed income taxes while the appeal is pursued—if the taxpayer can establish undue hardship. We hesitate to deem

---

[6] *See also* ORS 305.570(1)(a) ("Any person *** aggrieved by and affected by a written decision of a tax court magistrate issued under ORS 305.501 *** may appeal to the regular division of the Oregon Tax Court, and appeal shall be perfected in the manner provided in ORS 305.404 to 305.560.").

as jurisdictional a statutory requirement that is designed to allow someone without funds access to the courts to pursue their statutory appeal rights. That is especially true when nothing in the text of ORS 305.419(3) appears to reflect any considered legislative intent to make the filing of an affidavit with the complaint jurisdictional. As noted earlier, what makes the taxpayer's complaint subject to dismissal is the failure to *establish* undue hardship, not the failure to file an affidavit with the complaint.

Our holding is limited to the question of whether, under ORS 305.419(3), taxpayer's failure to file an affidavit of undue hardship with the complaint was a jurisdictional defect. Because it was not, the Tax Court erred in dismissing taxpayer's appeal on that ground. We express no opinion as to any other procedural or substantive aspect of taxpayer's appeal. We reverse and remand for further proceedings consistent with this opinion.

The judgment of the Tax Court is reversed, and the case is remanded to the Tax Court for further proceedings.