IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

MATTHEW S. TOMSETH                )
and DIANA S. TOMSETH,             )
                                  )
          Plaintiffs,             )     TC-MD 150434C
                                  )
     v.                           )
                                  )
DEPARTMENT OF REVENUE,            )
State of Oregon,                  )
                                  )
          Defendant.              )     **FINAL DECISION**[1]

Plaintiffs appeal Defendant's Conference Decision Letter dated June 30, 2015, for the

2009 and 2010 tax years. Oral Argument was held in the Tanner Mediation Center on May 26,

2016, in Salem, Oregon. Gregg Barton appeared on behalf of Plaintiffs. Darren Weirnick

appeared on behalf of Defendant. The parties filed a Joint Stipulation of Facts on February 1,

2016. On February 24, 2016, Plaintiffs filed its Motion for Summary Judgment and supporting

Memorandum on the issue of whether Plaintiffs are entitled to a credit for taxes paid on their

behalf to the states of Idaho and Montana. On March 15, 2016, Defendant filed its Cross-Motion

for Summary Judgment and Response to Plaintiffs' Motion for Summary Judgment (Defendant's

Cross-Motion for Summary Judgment), arguing that Plaintiffs' claim for refund was not timely

under ORS 314.410(10)(a). On March 21, 2016, Defendant filed additional legislative materials

in support of its Cross-Motion for Summary Judgment. Plaintiff filed its Response to

Defendant's Cross-Motion for Summary Judgment (Plaintiffs' Response) on April 8, 2016.

Defendant filed its Reply on April 18, 2016.

---

[1] This Final Decision incorporates without change the court's Decision, entered August 3, 2016. The court
did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* Tax Court
Rule–Magistrate Division (TCR–MD) 16 C(1).

## I. STATEMENT OF FACTS

Plaintiffs Matthew S. Tomseth and Diana S. Tomseth (Diana) resided in Oregon during the tax years at issue. (Stip Facts at 2.) For tax years 2009 and 2010, Plaintiffs filed married joint Oregon personal income tax returns. (*Id*. at 3.) Plaintiffs filed their original Oregon personal income tax returns for 2009 and 2010 in October of 2010 and October 2011, respectively. (*Id.*) Those returns claimed pass-through items of income, gain, deduction, and loss for two S corporations: Les Schwab Warehouse Center, Inc. (Warehouse), LS Transport, Inc. (LS Transport), as well as two Limited Liability Partnerships: SFP-B and SFP-C. (*Id*. at 2-3.) Some of Plaintiffs' interests in those companies were through intermediary companies and trusts. (*Id*.) During tax years 2009 and 2010, Warehouse, LS Transport, SFP-B, and SFP-C conducted business in Oregon and Montana. LS Transport and Warehouse also conducted business in Idaho and Utah. (*Id*.) Defendant did not enter into any agreements with Plaintiffs, LS Transport, Warehouse, SFP-B, or SFP-C to extend the period of limitations for tax years 2009 and 2010. (*Id.* at 5.)

Plaintiffs appeal Defendant's denial of their claim for refund for tax years 2009 and 2010. (Compl at 2.) At conference, Defendant granted Plaintiffs' request for refund of excess taxes paid to Oregon following an audit of Warehouse's Utah return adjusting their share of income attributable to Utah under ORS 314.380(2)(b) (allowing taxpayer to claim a refund within two years after another state correction is made). (*Id.* at 9-10.) Defendant denied Plaintiffs' other refund requests as untimely under ORS 314.415(2)(a) because their claims were not filed within three years of the due dates of their Oregon personal income tax returns and because the exception under ORS 314.380(2)(b) was not applicable because they resulted from voluntary amendments to the entity returns, rather than pursuant to another state's corrections. (*Id*.)

A. *Oregon Pass-Through Entity Returns*

LS Transport and Warehouse each filed 2009 Oregon S Corporation Tax Returns on October 13, 2010. (Stip Facts at 4.) LS Transport and Warehouse each filed 2010 Oregon S Corporation Tax Returns on October 14, 2011. SFP-B filed its 2009 Oregon Partnership Return on September 13, 2010, and its 2010 Oregon Partnership Return on August 24, 2011. (*Id*.) SFP-C filed its 2009 Oregon Partnership Return on September 10, 2010, and filed its 2010 Oregon Partnership Return on August 25, 2011. (*Id*.)

B. *Plaintiffs' Oregon Personal Income Tax Returns*

Plaintiffs' original 2009 Oregon return, filed in October of 2010, included a claim for a $53,161 credit for income taxes paid to other states, including $9,949 to Idaho, and $43,212 to Utah. (*Id*. at 3.) Plaintiffs requested that the refund be applied to their 2010 estimated tax. (*Id*.) In January 2011, Plaintiffs filed a first amended Oregon return for 2009, reporting a net income tax after credits in a total amount less than the tax after credits reported on their original 2009 return and claiming the same amount for taxes paid to other states. (*Id*.)

Plaintiffs' original 2010 Oregon return, filed in October of 2011, included a claim for $52,283 credit for income taxes paid to other states, including $11,246 in Idaho taxes and $41,037 in Utah taxes and requested that any overpayment be applied to their 2011 estimated tax. (*Id*. at 3-4.)

C. *Utah Audit of Warehouse*

On October 11, 2013, following an audit by the Utah State Tax Commission (Utah Commission), the Utah Commission made changes to Warehouse's tax liability for various years, including 2009 and 2010. (*Id*. at 5.) Those changes resulted in additional tax liability attributable to Plaintiffs in the amount of $5,397 for tax year 2009 and $7,577 for 2010. (*Id*.

at 5-6.)  Defendant does not dispute that Plaintiffs are entitled to a refund for those amounts under ORS 314.380(2)(b).

D.  *Montana Returns and Payments*

On February 19, 2014, LS Transport and Warehouse entered into Voluntary Disclosure Agreements with Montana Department of Revenue.  (*Id*. at 6.)  On September 10, 2014, SFP-B and SFP-C also entered into Voluntary Disclosure Agreements with Montana Department of Revenue.  (*Id*.)  Pursuant to those agreements, LS Transport and Warehouse filed Montana S Corporation Information and Composite Tax Returns for tax years 2009 and 2010 on August 14, 2014.  (*Id*.)  SFP-B and SFP-C filed Montana Partnership Information and Composite Tax Returns for tax years 2009 and 2010 on September 15, 2014.  (*Id*.)  The total amount of income taxes paid by the four pass-through entities on Plaintiffs' behalf as a result of Diana's ownership interests in each of those entities was $9,532 for 2009 and $10,459 for 2010.  (*Id*. at 6-7.)  The Montana Department of Revenue has not made any adjustments to the four pass-through entity returns filed for 2009 or 2010.  (*Id*. at 7.)

E.  *Idaho Returns and Payments*

Warehouse entered into a Voluntary Disclosure Agreement with the Idaho Tax Commission on March 1, 2014.  (*Id.* at 8.)  On March 31, 2014, Warehouse made a tentative payment of Idaho taxes and interest for 2009 and 2010, in satisfaction of Plaintiffs' tax liability with respect to Diana's personal and shareholder interests in Warehouse.  (*Id*.)  On August 14, 2014, Warehouse filed Idaho S Corporation Income Tax Returns for 2009 and 2010.  (*Id*.)  The amount of personal income tax paid on behalf of Plaintiffs pursuant to those returns was $29,865 for 2009 and $32,166 for 2010.  (*Id*. at 9.)  The Idaho Tax Commission has not made any adjustments to Warehouse's 2009 or 2010 Idaho S Corporation Income Tax Returns.  (*Id*.)

F.       *2014 Oregon Refund Claims*

On November 6, 2014, Plaintiffs amended their Oregon personal income tax returns for 2009 and 2010 claiming additional tax refunds of $44,794 and $50,202, respectively.  (*Id*.)  On December 15, 2014, Defendant issued Notices of Proposed Refund Adjustment for 2009 and 2010, denying the refunds requested.  (*Id.* at 10.)  On June 30, 2015, Defendant issued a conference decision letter for 2009 and 2010 granting Plaintiffs' refund claim attributable to additional income taxes paid to Utah of $5,397 for 2009 and $7,577 for 2010, but denying Plaintiffs' claim for refund attributable to taxes paid in Montana and Idaho for 2009 and 2010. (*Id*.)

## II.  ANALYSIS

The court grants motions for summary judgment where the pleadings and evidence "show that there is no genuine issue as to any material fact" such that "the moving party is entitled to prevail as a matter of law."  Tax Court Rule (TCR) 47 C.  The legislature intended to "[m]ake the Oregon personal income tax law identical in effect to the provisions of the Internal Revenue Code * * * modified as necessary by the state's jurisdiction to tax and the revenue needs of the state[.]"  ORS 316.007(1).[2]

The sole issue before the court is whether Plaintiffs timely filed their claim for refund for taxes paid to Montana and Idaho for the 2009 and 2010 tax years under ORS 314.410(10).

Generally, a taxpayer may not obtain a refund, and the Department of Revenue (department) may not assess a deficiency, after three years from the date of filing the return, or two years from the time the tax was paid, whichever is later.  ORS 314.415(2)(a);

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2009.  The court notes that the 2007 ORS apply to the 2009 tax year and the 2009 ORS applies to the 2010 tax year.  Any differences between the two versions will be indicated where applicable.

ORS 314.410(1). An exception to this rule is provided by ORS 314.410 that extends the period for seeking a refund or assessing a deficiency in certain circumstances. At issue in this case, ORS 314.410(10) provides that,

> "(a) Notwithstanding the other provision of this section and ORS 314.415, the period for claiming a refund or giving a notice of deficiency with respect to an item that is *shown or required to be shown* on a taxpayer's return and *that is attributable to a pass-through entity* does not expire prior to three years from the date of the filing of the pass-through entity return *to which the item on the taxpayer's return relates.*
> (b) As used in this subsection, 'pass-through entity' means any entity that is recognized as a separate entity for federal income tax purposes, for which the owners are required to report, income, gains, losses, deductions or credits from the entity for federal income tax purposes."

(Emphasis added.)

Plaintiffs' position is that the "pass-through entity return" means any entity return, provided it relates to taxpayer's return, thus the applicable filing dates for purposes of calculating the period for claiming a refund are the dates of the filing of the Montana and Idaho entity returns. (Ptf's Resp at 3.) Those returns were filed in August and September of 2014. (Stip Facts at 6-7.) Defendant's position is that "pass-through entity return" by its text, context, and legislative history, refers only to an Oregon entity return, and therefore the applicable dates for purposes of calculating the refund period are the dates of the filing of the Oregon entity returns. (Def's Cross Mot Summ J at 11.) The 2009 Oregon entity returns were filed in September and October 2010, and the 2010 Oregon entity returns were filed in August and October 2011. (Stip Facts at 4.) Plaintiffs' 2009 and 2010 amended Oregon personal income tax returns, which included their claims for refunds, were filed in November 2014. (*Id*. at 9.) The parties do not dispute that if the Idaho and Montana entity returns are used to calculate the refund period then Plaintiffs' refund claim would be timely. (Def's Cross Mot Summ J at 8; Compl at 5.)

/ / /

A.    *Background*

Before considering the parties' contentions, the court begins with a review of the applicable law.  Plaintiffs hold interests in four "pass-through" entities.  *See* Treas Reg § 1.67(g) (defining pass-through entity as "a partnership" and "[a]n S corporation".)  In general, an owner of a pass-through entity shall take into account "as an item of income and as an item of expense an amount equal to his or her allocable share * * * of the pass-through entity for purposes of determining his or her taxable income."  Treas Reg § 1.67(a).  "Pass-through" entities are so called because all the income to the entities "flows through" to the owners' individual return.

"A tax is imposed for each taxable year on the entire taxable income of every resident of this state."  ORS 316.037(1)(a).   Taxable income means "taxable income as defined in * * * the Internal Revenue Code[.]"  ORS 316.012.   Because Oregon taxes its residents on 100 percent of their federal taxable income, a substantial risk of double taxation exists where residents have income derived from other states.  In order to mitigate the constitutional difficulties resulting from double taxation, Oregon law provides a credit for personal income taxes imposed by other states on income derived from sources within that state.  ORS 316.082.  However, "[c]redit shall not be allowed * * * for income taxes paid to a state that allows a nonresident a credit against the income taxes imposed by that state for taxes paid or payable to the state of residence."  ORS 316.082(5).  Montana did not allow a credit for nonresident partners or shareholders of pass-through entities during 2009 and 2010.  Montana Code 15-30-1112 (2003) (providing for a tax on nonresident individuals who have Montana source income from pass-through entities); Montana Code 15-30-1102 (2003) (taxing Montana source income of non-resident partners, shareholder and members); Montana Code 15-30-1102 (2009); 15-30-1113.   Idaho also does not

allow a credit for nonresident individuals who have Idaho source income from pass-through entities. Idaho Code 63-3026A; *see also Ashby v. Dept. of Rev.*, TC-MD 090511C, WL 1705588 at *7 (2011) (noting that only four state states: California, Arizona, Indiana, and Virginia require nonresidents to claim the credit on the nonresident return).

B.      *Text and Context*

"In interpreting a statute, the court's task is to discern the intent of the legislature." *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993), citing ORS 174.020. In interpreting a statute, the court gives "primary weight to text and context." *Scott v. Dept. of Rev.*, 358 Or 795, 800, 370 P3d 844 (2016), citing *State v. Gaines ( Gaines)*, 346 Or 160, 171, 206 P3d 1042 (2009). "In trying to ascertain the meaning of a statutory provision * * * the court considers rules of construction * * * including * * * the statutory enjoinder 'not to insert what has been omitted, or to omit what has been inserted.' " *PGE*, 317 Or at 611, citing ORS 174.010. "[W]ords of common usage typically should be given their plain, natural, and ordinary meaning." *Id*. "[T]he context of the statutory provision at issue * * * includes other provisions of the same statute and other related statutes[.]" *Denton and Denton*, 326 Or 236, 241, 951 P2d 693 (1998).

Defendant's text and context analysis relies primarily on the principle of purposeful omission, stating that "[w]hen the legislature has shown it knows how to refer to a return filed in another state in ORS 314.380, one may infer the omission of any reference in ORS 314.410(10) to pass-through [entity] returns filed in other states is intentional." (Def's Cross Mot Summ J at 13.) In a similar vein, Plaintiffs argued that if the legislature had intended to mean "Oregon return" it would have included those words in the statute and that the purposeful omission of "Oregon" from the statutory text evinces the legislature's intent not to create such a limitation.

(Ptfs' Resp at 7.)  In support of their argument, Plaintiffs provided a list of 16 instances where the phrase "Oregon return" appears in the Oregon Revised Statutes.[3]  The parties' arguments on that point are inconclusive.  The court agrees with both parties that the legislature could have added either reference but did not.  The only limiting language that appears in the text itself is that the item must be "shown or required to be shown on a taxpayer's return and that is attributable to a pass-through entity" and that it relates to the item on the taxpayers return.  ORS 314.410(10).

At oral argument, Defendant asserted that Plaintiffs' reading of the statute creates an "arbitrary distinction" between individual taxpayers who conduct business in multiple states based on whether the individual conducts business as a sole proprietor or as part of a pass-through entity.  Plaintiffs responded that the distinction is not arbitrary; sole proprietors have a level of control over their out-of-state filings that members of partnerships or S corporations may not.  Plaintiffs also asserted that reading "Oregon entity return" creates an arbitrary and potentially unconstitutional distinction between out-of-state entities and in-state entities.

C.     *Legislative History*

"[A]fter examining text and context," the court may consider legislative history that "appears useful to the court's analysis."  *Gaines*, 346 Or at 172; *see also* ORS 174.020(3) (stating that "[a] court shall give the weight to the legislative history that the court considers to be appropriate").

Defendant argues that the legislative history "for HB 2453 strongly supports the view that the pass-through entity return at issue in ORS 314.410(10) is the pass-through entity return filed

---

[3] Plaintiffs provided the list of statutes at oral argument held on May 26, 2016.

with the department, not with other states." (Def's Cross Mot Summ J at 18.) Defendant cites to the Staff Measure Summaries of HB 2453, which provide in part:

> "Under current law, the Department has difficulty verifying the income, gains, losses, deductions or credits that are *from a pass through entity*. The *Department* especially has audit difficulty if the partnership or S corporation fails to file a tax return timely. They can not verify the shareholders' distributive income on the personal income tax returns until a pass-through entity files a tax return. This act would allow the Department of Revenue *time to verify the distributive income from pass through entities* without the current law strict time constraints."

(Def's Cross Mot Summ J at 18-19) (emphasis in Defendant's Motion). Defendant asserted that Staff Measure Summary of HB 2453, set forth immediately above, shows that the legislature must have meant the Oregon entity return because the department could not verify another state's entity return. (*Id*. at 20.) However, Defendant neglected to consider the provisions of ORS 314.380(2)(c) that provides taxpayer must report any changes resulting from audits, assessments, or most notably, amended returns filed in other states that "results in a change in the taxpayer's tax liability paid or owing this state[.]"

Plaintiffs responded by arguing that "[the] legislative history is of no greater clarity than the statutory language itself" because the legislative materials do not distinguish between Oregon pass-through entities and other state pass-through entities. (Ptfs' Resp at 12.) Plaintiffs contend that Defendant's reference to the Staff Measure Summaries quoted above "fully supports [their] position [because] Plaintiffs claim a credit from a pass-through entity." (*Id*.)

In *Dept. of Rev. v. Washington Federal, Inc.* (*Washington Federal*), 20 OTR 507 (2012), the court discussed the linkage between ORS 314.380 and ORS 314.410. In that case, the court considered ORS 314.410(3)(b)(A) that included a cross reference to ORS 314.380(2)(a)(A). The court noted "the possibility that changes by a sister state could affect reporting responsibilities under ORS 314.380, *and therefore the statute of limitations in ORS 314.410.*" *Id*. at 516. That

suggests that the two provisions must be read together and that a responsibility to report under ORS 314.380 may result in a corresponding extension of the period for seeking a refund under ORS 314.410. The court further noted that "[a] correction or change in tax liability in a sister state could lead to a deficiency as well as a refund" creating what the parties referred to as a "two way street". *Id*. at 518. There is no express reference to ORS 314.380 in subsection (10) of ORS 314.410. However, in its conference decision, Defendant conceded that "ORS 314.380(2)(c) requires a taxpayer who files an original or amended return with another state to file an amended return with the department within 90 days," but concluded that "it does not, unfortunately, extend the statute of limitations to claim refunds in this situation." (Compl at 10.) The court cannot fathom the reason why the legislature would require taxpayers to report other state changes under ORS 314.380(2)(c) but disallow a correction based on that change under ORS 314.410(10) whether the correction is a refund or a deficiency. Further, such reporting requirements undermine Defendant's argument with regard to the legislative history because the department *is* able to verify changes made to out of state entity returns under the reporting provisions of ORS 314.380(2)(c).

Defendant is correct that none of the legislative materials provided discuss whether filing an entity return in another state would trigger the provisions of ORS 314.410(10). In particular, Defendant emphasized the Revenue Impact Statement, which states that, among other things "[t]his Act will allow additional refunds as well as claims to be assessed on taxpayers who have Oregon source distributive income, gains, losses, deductions or credits from pass-through entities." (Def's Cross Mot Summ J at 19) (emphasis omitted). Defendant argues that this proves that ORS 314.410(10) was only designed to apply to taxpayers filing an Oregon entity return. (*Id*. at 21.) Defendant adds the word "only" to the Revenue Impact Statement where it is

clear from its context that it was not intended.  The Impact Statement was describing what the act

does, not its limitations.

In *Reedal v. Dept. of Rev.(Reedal)*, TC-MD 140299N (Order, Sept 23, 2014), the court

discussed the legislative history of HB 2453, later codified as ORS 314.410(10), and found that

the legislature demonstrated a "general concern with a 'mismatch between statutes of limitations

for individuals who may own an interest in a pass-through entity and the pass-through entity

itself.' " (*Id.* at 5.)  The court found that the only limitation on ORS 314.410(10) was that the

period was extended only for items attributable to the pass-through entities.  (*Id.* at 6.)

In *Con-way Inc.* the Oregon Supreme Court stressed that "[t]he text that is enacted into

law controls [the court's] analysis, not the 'general intent' of those who enacted it."  *Con-way

Inc. & Affiliates v. Dept. of Rev.*, 353 Or 616, 628, 302 P3d 804 (2013) (citing *State v. Gaines*,

346 Or 160, 171, 206 P3d 1042 (2009).  The court finds that the statutory text must control and it

declines to read into the statute words that have been omitted, particularly where the rationale

supporting the implied provision is tenuous.  The legislative history provided supports a finding

that the legislature's primary concern was to extend the statutory period to enable both taxpayers

and the department to make corrections to an individual's return based on information later

obtained from the filing of a pass-through entity return.  Accordingly, the court finds that ORS

314.410(10) refers to any entity return provided it is attributable to a pass-through entity and is

shown or required to be shown on the taxpayers' individual Oregon return.

D.      *Whether ORS 314.410(10) Applies*

Defendant disputes whether ORS 314.410(10) applies in this case because the

pass-through entities filed composite returns.  (Def's Cross Mot Summ J at 16-17.)  Oregon as

well as many states, including Montana and Idaho, allow nonresident owners of pass-through

entities to file composite returns in lieu of filing an informational entity return and a nonresident income tax return. *See* ORS 314.778(4); Mont. Code Ann § 15-30-3312; Idaho Code Ann §§ 63-3022L, 63-3030. That hybrid return serves as both the entity filing and the nonresident income tax filing. At oral argument, Defendant argued that taxes paid by the entities under a composite return may not be credited to Plaintiffs' Oregon personal tax return. The court is aware of no authority supporting that statement. ORS 316.082 provides no such limitation.

      1.     *Whether the item is shown or required to be shown on Plaintiffs' return*

Defendant's argument, that the "pass-through entity return" must refer to an "Oregon entity return," would require the court to find that only items appearing on an Oregon entity return could be "shown or required to be shown on a taxpayer's return." Such a statement is plainly contradicted by both ORS 316.082 and Oregon Administrative Rule 150-316.082(1)-(B) which provides that a taxpayer may claim a credit for taxes paid to another state by a pass-through entity if the individual includes that item on their individual return:

> "(1) An individual who owns an interest in a pass-through entity may claim a credit for tax paid to another state by the entity if:
> (a) The individual is an Oregon resident;
> (b) The portion of the tax for which the credit is claimed is computed upon the proportionate share of the entity's income which is taxable to the individual under ORS 316.048[4]; and
> (c) *An addition is made on the individual's Oregon return for the individual's share of any tax paid or accrued, that relates to the credit taken, and that is deducted on the entity's* or individual's federal income tax return in determining federal taxable income."

OAR 150-316.082(1)-(B)(1) (emphasis added). The court concludes that the credit for taxes paid by the pass-through entities on behalf of taxpayers may be shown on the Plaintiffs' Oregon individual return.

---

    [4] ORS 316.048 provides that "[t]he entire taxable income of a resident of this state is the federal taxable income of the resident * * *."

1. *Whether the item is attributable to a pass-through entity*

In *Reedal,* the court defined "attributable" as "caused by or occurring on account of" the pass-through entity. TC-MD 140299N at 4-5. As discussed above, because Oregon resident owners of pass-through entities are taxed on 100 percent of their taxable income, Oregon gives a credit for taxes paid to other states. Here, pursuant to the entity composite returns filed in other states, Plaintiffs paid additional taxes to those states. Thus, the credit due under ORS 316.082 increased in proportion to the taxes paid to other states out of Plaintiffs' federal taxable income. Accordingly, the court finds that the refunds claimed on Plaintiffs' 2009 and 2010 amended Oregon income tax returns, filed on November 6, 2014, are timely under ORS 314.410(10) because the refunds are attributable to pass-through entity returns filed in August and September 2014.

III.  CONCLUSION

After careful consideration, the court concludes that ORS 314.410(10) extends the period for claiming a refund or assessing a deficiency three years from the date of the filing of a pass-through entity return to which the item on the taxpayer's return relates and that is attributable to the pass-through entity. The extension in ORS 314.410(10) is not limited to an Oregon entity return. The court notes that the period is extended only with regard to the items that are affected by the entity return. The court finds that ORS 314.410(10) applies with regard to the claims for refund shown on Plaintiffs' 2009 and 2010 amended Oregon income tax returns. Now, therefore,

/ / /

/ / /

/ / /

IT IS THE DECISION OF THIS COURT that Defendant's Cross-Motion for Summary Judgment is denied. Plaintiffs' Motion for Summary Judgment is granted.

Dated this ____ day of August 2016.

_____
DAN ROBINSON
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on August 23, 2016.*