Argued at Pendleton May 8, affirmed September 17, 1929.

# BIG CREEK DITCH CO. *v.* J. N. HULICK.

(280 Pac. 492.)

For appellant there was a brief and oral argument by *Mr. Frank C. McColloch.*

For respondent there was a brief over the name of *Messrs. Nichols, Hallock & Donald,* with an oral argument by *Mr. James T. Donald.*

RAND, J.—This action was brought by the Big Creek Ditch Company, an Oregon corporation, to recover from J. N. Hulick, a stockholder of said corporation, for assessments levied against stock owned by him in said corporation. The cause was tried by

the court without a jury and a judgment was rendered in favor of the corporation for the amount of defendant's unpaid assessments. From this judgment defendant has appealed, contending that the court erred (1) in denying his motion for a nonsuit, and (2) in rendering a judgment in the action against him personally.

The complaint alleges in substance that the plaintiff is a mutual, nonprofit corporation, organized under the laws of this state with its principal office at Medical Springs, and is engaged in distributing to its several stockholders waters for the irrigation of their respective premises; that defendant is a stockholder of the corporation and owns and holds four shares of stock by virtue of which he has received and now receives, through the property and facilities furnished by plaintiff, the delivery of waters which he uses for the irrigation of his land; that when defendant acquired the stock the by-laws of the corporation provided, and ever since have provided, that

"The directors of said company shall have power to levy and collect any and all assessments upon the capital stock of the said Big Creek Ditch Company, which may be necessary to construct, maintain, repair and operate the entire irrigation system, including all dams, ditches, flumes, tunnels and other structures or apparatus of said system belonging to said company and now owned or constructed, or as hereafter owned and constructed."

The complaint also alleges that the stock certificate for defendant's said shares of stock contained plainly printed upon its face a recital that the shares of stock represented thereby are "subject to the by-laws and to assessments for ditch construction and maintenance."

■ Defendant's answer admits that defendant's stock certificate does recite that the shares of stock represented thereby are subject to the by-laws and to assessments for ditch construction and maintenance, but denies that the by-laws of the corporation contain the provision quoted above.

The court, however, found that the by-laws did contain said provision. There was evidence to sustain the finding and hence the finding upon that issue is conclusive.

The answer further alleges in substance that plaintiff is the owner of the legal title to two irrigation ditches; that defendant is a stockholder of the corporation and holds four shares of its capital stock by virtue of which he has been and is entitled in common with other stockholders to the use of one of said ditches for conveying water to his land for irrigation purposes; that such water is diverted by him from the stream and is conveyed to his laterals by plaintiff's ditch; that the water is appurtenant to his land and is used by him for irrigation purposes on the land; that plaintiff has no right, title or interest in said water of defendant or in defendant's water rights. The answer also alleges that the by-laws of plaintiff provide as follows:

"That any and all assessments lawfully levied should be and become payable in thirty days from the date of such levy and if not paid within six months thereafter that a sufficient portion of the stock so delinquent in the payment of said assessments should be sold at public auction to the highest bidder for cash to pay all indebtedness against said stock, together with the expenses of said sale."

That plaintiff has failed to pursue the remedy thus provided by the by-laws, and for that reason the pro-

ceedings should have been against the stock *in rem* and not an action *in personam,* as is this action. Issue was joined by the reply upon all of the affirmative allegations of the answer. Under the issues thus made by the pleadings and the findings of the trial court, there are but two questions of law presented upon this appeal.

In support of the motion for nonsuit defendant contends that unless there is a provision in the statute or in the articles of incorporation authorizing the making of an assessment against the capital stock of the corporation, no assessment except for an unpaid subscription can lawfully be made, and that since there was no such provision in the statute or articles of incorporation and the subscription price of the stock had been paid, defendant was under no legal liability to pay the assessments, and hence it is claimed the motion should have been sustained.

 It is a principle of general application that in the absence of a statute or some provision in the corporate charter that a stockholder, for whose stock the full par value has been paid, is not liable for and cannot be made to pay any sum in addition thereto and that assessments by the corporation in excess of the par value of the stock are not enforceable and that this rule is not changed by a mere provision in the by-laws authorizing the levy of additional assessments where the par value of the stock has been paid: See 1 Cook on Corp. (5 ed.), § 241, and cases cited; see, also, 2 Cook on Corp. (5 ed.), § 422. But a by-law providing for the levying of ratable assessments upon the stockholders of a mutual, nonprofit corporation, such as the one involved here, where the corporation is organized for the sole purpose of diverting water from a public stream for distribution

among its stockholders for the irrigation of lands individually owned by them, without charge to them, and which, in order to perform its corporate functions, must construct and maintain ditches and incur other expenses for the payment of which there is no other way of providing except by the payment of assessments by the stockholders using the water, must presumably, in the nature of things, have been assented to by the stockholders, and if not enforceable as a by-law is enforceable as a contract. Particularly is this so where, as in the instant case, the stock certificates issued by the corporation in plain terms recite that the stock represented thereby is "subject to the by-laws and to assessments for ditch construction and maintenance." Because of that provision in the stock certificate the by-laws entered into the contract between the corporation and the defendant and became a part thereof as a matter of law: *Wist* v. *Grand Lodge A. O. U. W.*, 22 Or. 271 (29 Pac. 610, 29 Am. St. Rep. 603); see, also, 1 Fletcher, Cyc. Corp., § 501. In the instant case, unless such expenses are paid by the stockholders this corporation, since it possesses no other source of income, would be compelled to go out of existence. The evidence in this case clearly shows that the defendant has repeatedly assented to the effect of the provisions of the by-laws referred to as a contract binding upon him.

■ But even if an express contract between the corporation and the defendant had not been shown, the delivery of the water by the corporation to defendant, his acceptance, use and application of it for beneficial purposes upon his land, would raise by implication of law a promise upon his part to pay the corporation for the services performed in the delivery of the water. And this would be true even if he

himself diverted the water from the stream, for he was compelled to use the company's ditch in conducting the water to the land and for this use alone the law would imply a promise upon his part to pay. For these reasons the motion for nonsuit was properly overruled.

■ ■ Defendant's second contention is that under the by-laws plaintiff's sole remedy for defendant's failure to pay the assessments was by a proceeding *in rem* to forfeit and sell the stock and that it was error for the court to enter a judgment against defendant for the amount of the unpaid assessments. By his answer the defendant alleges that the by-laws provide "that any and all assessments lawfully levied should be and become payable in thirty days from the date of such levy," following which is a provision that if not paid within six months thereafter the stock may be sold. Under this by-law which defendant admits was binding upon both plaintiff and defendant, if the amount of the assessment became payable in thirty days from the date of its levy, it obligated defendant to pay the amount thereof at the expiration of that time and created a legal liability upon his part to pay the same. It was his duty, therefore, to pay the amount of the assessment whenever it became due and payable, and upon breach of that duty plaintiff could enforce his obligation to pay by an action to recover the amount due or, at its option, could wait for six months and then enforce the obligation by a proceeding *in rem* against the stock. These remedies were cumulative, and the forfeiture of the stock was not the sole or exclusive remedy of the corporation. This clearly appears from the language of the by-law upon which the defendant relies. Until the amount became due and payable the obliga-

tion to pay could not be enforced but when it became due and payable it could be enforced like any other debt or obligation to pay money. Plaintiff, therefore, was entitled to sue for the amount due and obtain a personal judgment against the defendant, for whenever there is a legal liability the law creates a promise upon which an action of *assumpsit* will lie: *Daniel* v. *Daniel*, 9 B. Mon. (Ky.) 195; *Merriwether* v. *Bell*, 139 Ky. 402 (58 S. W. 987, 139 Am. St. Rep. 488).

Finding no error in respect to either of the matters urged by the defendant, the judgment must be affirmed. AFFIRMED.

McBRIDE, BEAN and ROSSMAN, JJ., concur.