IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| LIFE FLIGHT NETWORK LLC, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 150396N |
| | ) | |
| v. | ) | |
| | ) | |
| DESCHUTES COUNTY ASSESSOR, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant-Intervenor. | ) | **ORDER** |

This matter is before the court on Plaintiff's Motion for Partial Summary Judgment and

Defendant-Intervenor Department of Revenue's (the Department) Motion for Summary

Judgment, each filed December 21, 2015. The parties filed Stipulated Facts on

November 10, 2015. The parties filed responses on January 19, 2016. Oral argument was held

in the Oregon Tax Courtroom in Salem, Oregon on February 3, 2016. Gregory A. Chaimov and

Marisa Meltebeke, attorneys, appeared on behalf of Plaintiff. James C. Wallace, Senior

Assistant Attorney General, and Daniel Paul, Assistant Attorney General, appeared on behalf of

the Department. Defendant Deschutes County Assessor did not participate in the written

briefings or oral argument. This matter is now ready for the court's determination.

A.     *Statement of Facts*

Plaintiff is an LLC owned by Saint Alphonsus Regional Medical Center, Inc. (Saint

Alphonsus), Legacy Emanuel Hospital & Health Center (Legacy Emanuel), Providence Health

System – Oregon (Providence), and Oregon Health & Science University (OHSU). (Stip Facts

¶2.) "Saint Alphonsus is a nonprofit corporation incorporated under the laws of Idaho, each of Legacy Emanuel and Providence is a nonprofit corporation incorporated under the laws of the State of Oregon, and OHSU is a public corporation established under ORS chapter 353." (*Id.* at ¶3.) Plaintiff filed for 2014-15 property tax exemption and received a denial letter on May 14, 2015, stating that Plaintiff "does not satisfy the terms of ORS 307.022." (Compl at 3.) The exemption sought by Plaintiff is under ORS 307.022 and ORS 307.130. (*Id.* at 1.)

B.      *Issue and Statutes Involved*

The ultimate issue is whether the subject property is eligible for property tax exemption for the 2014-15 tax year. The issue at this stage of the proceeding is whether OHSU, as a public benefit corporation, is a "nonprofit corporation" within the meaning of ORS 307.022.[1]

ORS 307.022 was enacted in 2005. *See* Or Laws 2005 ch 688 §2. It states:

> "For purposes of the property tax laws of this state, a limited liability company that is wholly owned by one or more nonprofit corporations shall be an entity that qualifies for an exemption or special assessment if and to the extent that all of the nonprofit corporation owners of the limited liability company would qualify for the exemption or special assessment."

ORS 307.130(2) allows a property tax exemption for certain real and personal property "owned or being purchased by art museums, volunteer fire departments, or incorporated literary, benevolent, charitable and scientific institutions * * *." The statute defines "art museum" and "volunteer fire department" each as a "nonprofit corporation." ORS 307.130(1)(a), (d). It defines "nonprofit corporation" as one that:

> "(A) Is organized not for profit, pursuant to ORS chapter 65 or any predecessor of ORS chapter 65; or

> "(B) Is organized and operated as described under section 501(c) of the Internal Revenue Code."

---

[1] Unless otherwise noted, the court's references to the Oregon Revised Statutes (ORS) are to 2013.

C.    *Analysis*

"In interpreting a statute, the court's task is to discern the intent of the legislature." *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993), citing ORS 174.020. The court gives "primary weight to text and context." *Scott v. Dept. of Rev.*, 358 Or 795, __, __ P3d _) (2016), citing *State v. Gaines*, 346 Or 160, 171, 206 P3d 1042 (2009). "In trying to ascertain the meaning of a statutory provision * * * the court considers rules of construction of the statutory text that bear directly on how to read the text. Some of those rules are mandated by statute, including * * * the statutory enjoinder 'not to insert what has been omitted, or to omit what has been inserted.' " *PGE*, 317 Or at 611, citing ORS 174.010. "[W]ords of common usage typically should be given their plain, natural, and ordinary meaning." *Id.* "[T]he context of the statutory provision at issue * * * includes other provisions of the same statute and other related statutes[.]" *Denton and Denton*, 326 Or 236, 241, 951 P2d 693 (1998).

"[A]fter examining text and context," the court may consider legislative history that "appears useful to the court's analysis." *Gaines*, 346 Or at 172; *see also* ORS 174.020(3) (stating that "[a] court shall give the weight to the legislative history that the court considers to be appropriate"). "If the legislature's intent remains unclear after examining text, context, and legislative history, the court may resort to general maxims of statutory construction to aid in resolving the remaining uncertainty." *Gaines*, 346 Or at 172.

"Exemption is an exception to the general rule that all property is taxable." *Evergreen Aviation & Space Museum v. Yamhill County Assessor*, TC 5181, 5182, WL 1559051 at *2 (Apr 15, 2016), citing *Dove Lewis Mem. Emer. Vet. Clinic v. Dept. of Rev.*, 301 Or 423, 426-27, 723 P2d 320 (1986). "Oregon follows the rule that 'tax exemption statutes should be strictly construed in favor of the state and against the taxpayer.' " *North Harbour Corp. v. Dept. of Rev.*,

16 OTR 91, 94-95 (2002), quoting *Mult. School of Bible v. Mult. Co.*, 218 Or 19, 27, 343 P2d 893 (1959). "In cases where the question is not legislative intent but whether a property fits the statute, even in close cases, exemption will be denied." *Evergreen Aviation*, 2016 WL 1559051 at *2, citing *Washington Co. Assessor II v. Jehovah's Witnesses*, 18 OTR 409, 422 (2006).

This matter is before the court on a Motion for Partial Summary Judgment and a Motion for Summary Judgment. The court's standard for reviewing summary judgment motions is provided in Tax Court Rule (TCR) 47.[2] The court will grant a summary judgment motion where the pleadings and evidence "show that there is no genuine issue as to any material fact" and that "the moving party is entitled to prevail as a matter of law." TCR 47 C.

1.      *Text and Context*

"When the legislature has not defined a word or a phrase, we assume, at least initially, that the word or phrase has its ordinary meaning, except when the words are ' 'terms of art' * * * drawn from a specialized trade or * * * field." *Powerex Corp. v. Dept. of Rev.*, 357 Or 40, 61, 346 P3d 476 (2015) (citation omitted). With "terms of art," Oregon courts "look to the meaning and usage of those terms in the discipline from which the legislature borrowed them. So, for example, when a term is a legal one, [courts] look to its 'established legal meaning' as revealed by, for starters at least, legal dictionaries." *Comcast Corp. v. Dept. of Rev.*, 356 Or 282, 296, 337 P3d 768 (2014) (citation omitted). Oregon courts "potentially also consider the overall statutory scheme in which a legal term appears, as well as the meaning that the term has for regulators who oversee the field." *Id.* (citation omitted).

/ / /

---

[2] TCR 47 is made applicable through the preface to the rules of the Magistrate Division, which states that "[i]f circumstances arise that are not covered by a Magistrate Division rule, the rules of the Regular Division may be used as a guide to the extent relevant."

Plaintiff argues that the phrase "nonprofit corporation" is composed of two terms of common or general usage that should be given their plain meaning as found in the dictionary. (Ptf's Mot at 4.)  There is no dispute that OHSU, a public corporation, meets the definition of a "corporation."  (*Id.* at 4-5.)  Plaintiff asserted that "nonprofit" means "not conducted or maintained for the purpose of making a profit; * * * not based on the profit motive: not organized on capitalistic principles[.]"  (*Id.* at 4, quoting *Webster's Third New Int'l Dictionary* 1538 (unabridged ed 2002) (internal quotation marks omitted).)

Plaintiff notes that ORS 307.022 contains no language limiting "nonprofit corporation" to those organized under ORS chapter 65, or otherwise; in that respect, it differs from related statutes that contain a specific definition of "nonprofit corporation."  (Ptf's Memo in Opp at 2.) To the extent that the phrase "nonprofit corporation" as used in ORS 307.022 is limited by other statutory definitions, Plaintiff argues that the applicable definition should be the same as that found in ORS 307.130(1)(c) and ORS 307.147(1)(b), each of which includes nonprofit corporations organized under ORS chapter 65, as well as those organized under Internal Revenue Code (IRC) chapter 501(c).  (*See* Ptf's Mot at 5-6.)  Plaintiff asserts that public entities are included under IRC section 501(c), therefore OHSU is a nonprofit corporation under ORS 307.130(1)(c).  (*Id.* at 6.)

The Department asserts that "nonprofit corporation" is a technical term.  (Inv's Resp at 1.)  It argues that the court should use the definition of "nonprofit corporation" found in ORS chapter 65: "By statute, nonprofit corporations are defined to be mutual benefit corporations, public benefit corporations, such as charitable institutes, and religious corporations."  (Inv's Mot at 2, citing ORS 65.001(29).)  The Department argues that "the phrase 'nonprofit corporation' has had specific meaning, as defined by Oregon law since 1989, [so] that meaning should be

applied to that phrase where it has been subsequently used in legislative acts, *unless* the legislature has expressly indicated otherwise." (Inv's Resp at 1.) In the Department's view, OHSU is a "public corporation" created under ORS 353.020 "and not a nonprofit corporation, as defined by Oregon law or intended by the legislature." (Inv's Mot at 2.)

With respect to Plaintiff's second argument that "nonprofit corporation" has the same meaning as in ORS 307.130 and ORS 307.147, the Department notes that both definitions are limited to the purposes of those statutes, as indicated by the language "as used in this section" and "for the purposes of this section." (Inv's Resp at 2-3.) The Department further responds that it has not yet taken a position on whether OHSU would qualify as a nonprofit corporation under IRC section 501(c) and – to the extent the court concludes that definition is applicable – requests discovery on the issue. (*Id.* at 4-5.)

The court agrees with the Department that "nonprofit corporation" is a term of art rather than a term of general usage because it has a well-established legal meaning; it is defined in *Black's Law Dictionary*, in case law, and by statute.[3] *Black's Law Dictionary* defines "nonprofit corporation" as "[a] corporation organized for some purpose other than making a profit, and usu. afforded special tax treatment. — Also termed *not-for-profit corporation*." *Black's Law Dictionary* at 1036 (8th ed 2004) (emphasis in original). That definition of "nonprofit corporation" does not exclude a "public corporation" such as OHSU; which the Department

---

[3] The court is not aware of an Oregon decision addressing whether "nonprofit corporation" is a term of art. Oregon case law referencing "nonprofit corporations" dates back to at least 1929, and to at least 1944 in the context of property tax exemption. *See Big Creek Ditch Co. v. Hulick*, 130 Or 401, 280 P 492 (1929); *see Behnke-Walker Business College v. Multnomah County*, 173 Or 510, 527, 146 P2d 614 (1944). The Oregon Supreme Court has held that "[t]he term 'public corporation' is not a term of common usage," and looked to the definition of that term in *Black's Law Dictionary*. *Shasta View Irrigation Dist. v. Amoco Chemicals Corp.*, 329 Or 151, 157, 986 P2d 536 (1999). More recently, the Oregon Supreme Court observed that "[t]he phrase 'public corporation' was used as a generic term' in early Oregon statutes * * * and has been part of Oregon's tax law since 1910." *Pacific States Marine Fisheries Com'n v. Dept. of Rev.*, 346 Or 117, 123, 206 P3d 1037 (2009) (citations omitted). The Court considered "[a] contemporaneous legal dictionary" definition from 1890. *Id.*

concedes is "not a for-profit or private corporation and may be exempt from income taxes[.]" (Inv's Mot at 2.) However, the phrase "nonprofit corporation" must be read in its statutory context.

The text of ORS 307.022 indicates that it must be read in concert with exemption and special assessment statutes in order for it to have any meaning. ORS 307.022 allows an LLC to qualify for property tax exemption "if and to the extent that all of the nonprofit corporation owners * * *would qualify for the exemption or special assessment." Thus, ORS 307.022 does not create a new type of property tax exemption; rather, it extends existing property tax exemptions to new types of entities – LLCs – provided they are wholly owned by one or more nonprofit corporations that meet the applicable requirements for exemption.

In this case, Plaintiff seeks property tax exemption under ORS 307.130. One of the requirements for property tax exemption under ORS 307.130 is that the entity satisfies the organizational requirements of the statute. *See SW Oregon Pub. Def. Services v. Dept. of Rev.*, 312 Or 82, 85-86, 817 P2d 1292 (1991). The entity must be either an "incorporated literary, benevolent, charitable [or] scientific institution[]" or an art museum or volunteer fire department that is organized as a "nonprofit corporation." ORS 307.130(2), (1)(a),(d). For purposes of ORS 307.130, "nonprofit corporation" is defined as one "organized not for profit, pursuant to ORS chapter 65 or any predecessor or ORS chapter 65; or * * * organized and operated as described under section 501(c) of the Internal Revenue Code." ORS 307.130(1)(c). Reading ORS 307.022 and ORS 307.130 together, the court concludes that each of Plaintiff's nonprofit corporation owners must meet the organizational requirements of ORS 307.130.

/ / /

/ / /

2.      *Legislative History*

The Department wrote that "ORS 307.022 was introduced in 2005 as Senate Bill 283, and it was enacted as Oregon Laws 2005, chapter 688, section 2. * * * The stated objective of the sponsors of the bill was to enable nonprofit corporations, particularly public benefit corporations, to control property indirectly through a LLC that they own and thereby insulate themselves from liability associated with direct ownership of the property." (Inv's Mot at 2-3.) Plaintiff wrote that "[t]he legislature's intent in enacting ORS 307.022 was to permit nonprofit corporations that otherwise qualify for property tax exemption to own exempt property through an LLC." (Ptf's Mot at 7.)

The Department provided legislative history of ORS 307.022, including testimony given on SB 283 (2005) in public hearings before the Senate and House Revenue Committees. (Inv's Mot, App.) William Manne testified on behalf of the Oregon State Bar (OSB) Taxation Section that: "Property only qualifies for property tax exemption when it's owned by a charity if it's being used for charitable purposes. And that's still the test so that test is not being modified in the least." (*Id.* App at 3.) Ian Richardson, who also testified on behalf of the OSB Taxation Section, referred to "501(c)" organizations and "charities" rather than to "Oregon nonprofit corporations," seemingly using the terms interchangeably. (*Id.* App at 8-9.)

The Department wrote that "[t]he legislative history of [SB] 283 does not indicate a singular or clear interpretation of 'nonprofit corporation' as used in that bill." (Def's Resp at 6.) The court agrees. That said, the court finds that the legislative history of ORS 307.022 supports the court's conclusion that the term "nonprofit corporation" used in ORS 307.022 must be read consistently with ORS 307.130. In enacting ORS 307.022, the legislature did not intend to change existing property tax exemptions by, for example, expanding the uses of property eligible

for exemption; rather, it sought to permit certain LLCs to receive property tax exemption to the extent that they would otherwise qualify. The legislature intended ORS 307.022 to operate with existing exemption statutes including ORS 307.130.

D.      *Conclusion*

The phrase "nonprofit corporation" as used in ORS 307.022 does not clearly exclude a public corporation such as OHSU. However, the phrase must be read in concert with applicable exemption and special assessment statutes – in this case, ORS 307.130. An entity seeking property tax exemption under ORS 307.130 must satisfy the organizational requirements under that statute. The parties agree that OHSU is not organized pursuant to ORS chapter 65, but do not agree whether it is organized and operated as described under IRC section 501(c). The Department has requested additional time to engage in discovery on that question.

Both Plaintiff's Motion for Partial Summary Judgment and the Department's Motion for Summary Judgment are denied. Within 14 days of the date of this Order, the parties must file a joint written status report proposing a timeline to move this case forward, including three mutually agreeable trial dates or a briefing schedule. Now, therefore,

IT IS ORDERED that Plaintiff's Motion for Partial Summary Judgment is denied.

IT IS FURTHER ORDERED that Defendant-Intervenor's Motion for Summary Judgment is denied.

/ / /

/ / /

/ / /

/ / /

/ / /

IT IS FURTHER ORDERED that, within 14 days of the date of this Order, the parties must file a joint written status report proposing a timeline to move this case forward, including three mutually agreeable trial dates or a briefing schedule.

Dated this ____ day of May 2016.

_____
ALLISON R. BOOMER
MAGISTRATE

***This interim order may not be appealed. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved. ORS 305.501.***

***This document was filed and entered on May 6, 2016.***