# IN THE OREGON TAX COURT

Gerald VICKERS
*v.*
DEPARTMENT OF REVENUE
(TC 2693)
Lonnie D. and Carol J. WILLIAMS
*v.*
DEPARTMENT OF REVENUE
(TC 2694)
Madelyn M. VICKERS
*v.*
DEPARTMENT OF REVENUE
(TC 2707)

James C. Griggs, Harland, Ritter, Saalfeld, Griggs & Gorsuch, Salem, represented plaintiffs Gerald Vickers, Lonnie D. Williams and Carol J. Williams.

William H. Martin, Gleaves, Swearingen, Larsen & Potter, Eugene, represented plaintiff Madelyn M. Vickers.

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered May 16, 1988.

**EDWARD H. HOWELL, Judge Pro Tempore.**

In 1980, Emerald Forest Products Inc. (Emerald), a subchapter S corporation, as lessee, completed installation of a pollution control facility in a plywood plant. Emerald applied for and received certification for pollution control tax credit under ORS 468.165 and 468.170 (1981).[1]

Under ORS 468.170(5), Emerald was required to:

"[M]ake an *irrevocable* election to take the tax credit relief under ORS 316.097 [personal income tax] or ORS 317.072 [corporation excise tax] or the ad valorem tax relief under ORS 307.405." (Emphasis added.)

Emerald elected to take the personal tax credit relief. As Emerald was a subchapter S corporation, the shareholders, plaintiffs herein, were entitled to the tax credit based on their pro rata share of the cost of the facility. ORS 316.097(13) (1981 Replacement Part).

In December 1982, Emerald terminated its status as a subchapter S corporation and became taxable as a regular C corporation. The plaintiffs continued to claim the pollution control credit under the personal income tax provisions of ORS 316.097 in the same manner that they had prior to the termination of their subchapter S status. The Department of Revenue denied the tax credit on the grounds that the change from the subchapter S corporation to a regular C corporation prevented the plaintiffs from claiming the personal tax credit and that the credit was no longer being passed through to plaintiffs and now belonged to Emerald as an excise tax credit.

Both parties agree that the purpose of the pollution control tax credit statutes was to encourage the construction of pollution control facilities.

---

[1] The statutes cited herein are from the 1981 version of the Oregon Revised Statutes.

The plaintiffs argue that when the pollution control facility was certified in 1981 they were required to make an "irrevocable election." They did so and elected to take the personal income tax credit. They state that the defendant has, in effect, changed the previous "irrevocable election" made by plaintiff by prohibiting plaintiffs from using the personal income tax credit and requiring the credit to be applied against the corporate excise tax.

The Department of Revenue, citing legislative history, states that the pollution control credit's purpose "is not only to stimulate the construction of such facilities, but to reduce the cost of maintaining such facilities." (Emphasis omitted.) It notes that the pollution control certificate belongs to the subchapter S corporation, not the shareholders. It argues that the pollution control credit is one that is "generated each year" and does not automatically pass through to the shareholders; rather, the proper recipient of the credit must be determined annually to insure that the credit goes to the one responsible for the cost of maintenance of the pollution control facility so that that person's or entity's cost of maintenance is reduced.

If the facility is sold or is operated by one other than the holder of the certificate, the tax credit goes to the buyer or the operator (responsible for maintenance) rather than the original holder of the certificate. ORS 316.097(5). In the case of the subchapter S corporation, ORS 316.097(13)[2] provided that the credit passes through to the shareholder. However, the department argues that if in a subsequent year subchapter S status is terminated and the credit continued to be passed through to the shareholders, the credit would be "utilized by individuals against income earned from endeavors independent of the trade or business utilizing the pollution control facility."

As noted, ORS 468.170(5) states that a person receiving pollution control certification:

"[S]hall make an irrevocable election to take the *tax credit relief* under ORS 316.097 or 317.072 *or* the *ad valorem tax relief* under ORS 307.405 * * *." (Emphasis added.)

---

[2] ORS 316.097(13) (1981) has been slightly reworded and is currently ORS 316.097(11) (1987).

ORS 468.170(6) provides that if the subchapter S corporation elects to take:

> "[*T*]*ax credit relief,* such election shall be on behalf of the corporation's shareholders. Each shareholder shall be entitled to take tax credit relief as provided in ORS 316.097 * * *." (Emphasis added.)

■ Contrary to the argument of the plaintiffs, the ORS 468.170(5) election involves two, rather than three, choices. That is, the election is between "tax credit relief" and "ad valorem tax relief." If tax credit relief is chosen, such relief may be under "ORS 316.097 or 317.072." Only as long as the corporation maintains subchapter S status, does "such election" continue to be "on behalf of the corporation's shareholders" under ORS 316.097. If subchapter S status is terminated, the election still stands; however, tax credit relief is under ORS 317.072 rather than ORS 316.097.

The relevant statutory language is consistent with this conclusion. The last sentence of ORS 468.170(6) notes that shareholders "shall be entitled to take tax credit relief as provided in ORS 316.097 * * *." As the department points out, the evaluation of a taxpayer's entitlement to tax credit under ORS 316.097 is an annual determination, and ORS 316.097(13) makes the receipt of a tax credit contingent upon (continued) status as a shareholder of a subchapter S corporation.

Subchapter S status allows owners of small businesses to benefit from limited corporate liability without being subject to income tax at both the corporate and shareholder level. Because a subchapter S corporation's income is taxable to its shareholders, and not to the corporation, the corporation's items of loss, deduction and credit also pass through and are allocated among the shareholders. Under the plaintiffs' theory, after termination of subchapter S status, shareholders would remain entitled to a tax credit that belongs to the corporation (just as the pollution control certificate belongs to the corporation) even though the shareholders are no longer subject to the burdens of taxation on corporate earnings. If the shareholders of a subchapter S corporation choose to terminate that status, they lose both the tax burdens and benefits of subchapter S status.

Opinion and Order Nos. 87-0409 and 87-0410 of the Department of Revenue are affirmed.