IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

ANTHONY J. IVELIA                    )
and REAGAN IVELIA,                   )
                                     )
            Plaintiffs,              )    TC-MD 180054R
                                     )
        v.                           )
                                     )
DEPARTMENT OF REVENUE,               )
State of Oregon,                     )
                                     )
            Defendant.               )    **FINAL DECISION[1]**

Plaintiffs appealed Defendant's Notice of Proposed Refund Adjustment, dated November 14, 2017, for the 2016 tax year. The parties agreed to resolve the case via cross-motions for summary judgment. The parties completed briefing on June 7, 2018. The issue before the court is whether Plaintiffs are entitled to elect the reduced pass-through entity ("PTE") tax rate under ORS 316.043(5) as claimed on their amended 2016 Oregon income tax return.

## I. STATEMENT OF FACTS

The following facts are undisputed. Plaintiffs obtained an extension to file their 2016 Oregon tax return until October 18, 2017.[2] Plaintiffs filed their 2016 Oregon tax return on September 20, 2017. The first return did not elect the PTE tax rate.[3] Plaintiffs then filed an amended 2016 return on October 17, 2017, electing the PTE tax rate in Line 22 and attaching a Schedule OR-PTE-FY. Defendant issued a Notice of Proposed Refund Adjustment denying the

---

[1] This Final Decision incorporates without change the court's Decision, entered November 28, 2018. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

[2] Generally, extensions are filed for federal returns and Oregon automatically grants an extension. Oregon Administrative Rule (OAR) 150-314-0167.

[3] Plaintiffs tax preparer was unaware of the reduced PTE rate at the time she prepared the first return.

PTE tax rate election because Plaintiffs "didn't make the election on [their] original or timely-filed amended return" stating that "[t]he election to claim the pass-through entity (PTE) reduced tax rate must be made on your original return or amended return filed before the original due date."

Plaintiffs argue that because they filed an amended return electing the PTE rate within the extension period, the return is "original" for purposes of ORS 316.043(5). Defendant's position is that Plaintiffs' amended return was too late to be an "original" return for purposes of the PTE election.[4] The essence of the parties' fight is over what the cut-off is for filing an "original" return. Defendant states that "original return" means first filed return or an amended return filed within the period for filing under ORS 314.385, without regard to extensions. Plaintiffs state that any timely filed return is an "original" return for purposes of the PTE election.

## II. ANALYSIS

The issue before the court is one of statutory interpretation, specifically, the meaning of the term "original return" in ORS 316.043(5).[5]

ORS 316.043 provides that pass-through entities meeting certain criteria may elect a reduced tax rate calculation provided in subsection (2)(b). There is no dispute regarding whether Plaintiffs are otherwise qualified to make the election under ORS 316.043(2)(b). The dispute is over the limitation found in ORS 316.043(5), which states:

> "The election under subsection (2)(b) of this section *shall be irrevocable and shall be made on the taxpayer's original return.* If the taxpayer uses the reduced rates allowed under subsection (2)(b) of this section, the calculation of income shall be substantiated on a form prescribed by the Department of Revenue and filed with the taxpayer's tax return for the tax year or at such other time and manner as the department may prescribe by rule. A taxpayer who uses the reduced rates available under subsection (2)(b) of this section may not join in the filing of a composite return under ORS 314.778."

---

[4] Defendant states that it does not keep records regarding whether a taxpayer has filed for an extension or not, and thus it cannot determine whether Plaintiffs filed for an extension. Plaintiffs provided competent evidence that they did, in fact, file for an extension.

[5] The court's reference to the Oregon Revised Statutes (ORS) are to 2015.

(Emphasis added.)

"In interpreting a statute, the court's task is to discern the intent of the legislature." *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). The court interprets statutory terms based on the text, context, and legislative history.[6] *State v. Gaines*, 346 Or 160, 171, 206 P3d 1042 (2009). The court gives "primary weight to text and context." *Scott v. Dept. of Rev.*, 358 Or 795, 800, 370 P3d 844 (2016). "[T]he context of the statutory provision at issue * * * includes other provisions of the same statute or other related statutes[.]" *Denton and Denton*, 326 Or 236, 241, 951 P2d 693 (1998).

Where legislature defines a statutory term, that definition controls. *Comcast Corp. v. Dept. of Rev.*, 356 Or 282, 295, 337 P3d 768 (2014). The court is unaware of any statute or regulation defining the term "original return." However, ORS 316.012 provides that: "[a]ny term used in this chapter has the same meaning as when used in a comparable context in the laws of the United States relating to federal income taxes, *unless a different meaning is clearly required* or the term is specifically defined in this chapter." (Emphasis added). Oregon also adopts the "administrative and judicial interpretations of the federal income tax law." ORS 316.032(2). Because the term "original return" is not defined by statute its federal meaning will control unless a different meaning is clearly required. ORS 316.012. Typically, federal meanings control unless the statute at issues concerns an area solely related to state law. *See Crystal Communications v. Dept. of Rev.*, 19 OTR 524, 535-36 (2008) (finding federal meaning not controlling where statute related to sourcing income from Oregon and other states).

/ / /

---

[6] Neither the court, nor the parties were able to locate any legislative history clarifying the meaning of "original return" in ORS 316.043(5).

A.      *Meaning of "Original Return" Under Federal Law*

It is settled federal practice that any timely filed amended return either supersedes the first return or supplements it. *See* 5 Internal Revenue Manual Section 20.1.3.1.4 (stating "[a] superseding return is defined as a second (or subsequent) return filed before the due date for filing, including extensions"); *In Re: The Time at Which the Three Year Statute of Limitations on the Assessment of Return Preparer Penalties Begins to Run*, GCM 38914 (IRS Nov 8, 1982) (concluding "a timely amended return [should] be treated as the original return or as part of the original return"); Treas Reg 31.6011(a)-7 (discussing, in part "supplemental returns").

That guidance is based on U.S. Supreme Court case *Haggar Co. v. Helvering*, 308 US 389, 60 S Ct 337, 84 L Ed 340 (1940). In *Haggar,* a unanimous court ruled that to read "first return" as the first paper return filed would "lead to absurd results" and stated that a first tax return included any timely filed amendment, including extensions. The court stated that "[t]o construe 'first return' as meaning the first paper filed as a return, as distinguished from the paper containing a timely amendment, which, when filed is commonly known as *the return* for the year for which it is filed, is to defeat the purposes of the statute by dissociating the phrase from its context * * *." *Id*. at 396. By contrast, an amended return filed after the deadline for filing a return is not afforded similar treatment. *Compare Haggar*, 308 US at 395 *with Helvering v. Lerner Stores Corp.*, 314 US 463, 62 S Ct 341, 86 L Ed 482 (1941) (holding that taxpayer could not amend return to adjust value of capital stock where taxpayer filed amended return after due date, including extensions); *see also Scaife Co. v. Comm'r*, 314 US 459, 461, 62 S Ct 338, 86 L Ed 339 (1941) (holding taxpayer could not amend return to adjust value of capital stock where taxpayer failed to request an extension or amend return before the original deadline for filing).

Defendant observes that *Haggar* concerned a different statutory context than the annual

election at issue here — "the [c]ourt construed 'first return' in that statute to mean the return filed for the first year in which a taxpayer fixes its capital stock value"—the election was one that could only be made in the first year, and would carry over into subsequent years. (Def's Reply at 11.) However, the IRS and the U.S. Tax Court have long relied on *Haggar* for the principle that an amended return filed before an extended due date becomes part of the original return for the year. *See e.g. National Lead Co. v. Comm'r,* 336 F2d 134 (2nd Cir 1964) (citing *Haggar* and holding that an "irrevocable" election may be revoked before the deadline for filing); *Matheson v. Comm'r*, 74 TC 836 (1980) (invalidating Treasury Regulation limiting the time for revoking casualty loss election).

The IRS has told filers by Private Letter Ruling[7] that an otherwise irrevocable election can be revoked within the time for filing including extensions. The IRS cites *Haggar* and *National Lead* for the proposition that "an election can be validly revoked within the time allowed for making it * * * even though the statute provided that the election, once made, was irrevocable." PLR 8939054 (Sept 29, 1989). The rationale for such a policy is that the government is not prejudiced by a change in the election before the deadline for the filing of the return because the taxpayer's taxes are not calculated until the filing deadline closes and the election becomes "final." The IRS also indicated that it did not want to discourage early filing of returns by making the first return filed immutable.

The court is persuaded that under federal tax law, the "original return" includes any timely filed amendment including extensions and that "irrevocable" elections are only irrevocable after the deadline for making the election. As discussed above, the federal interpretation will control unless another interpretation is "clearly required" under Oregon Law.

---

[7] Private Letter Ruling have no precedential effect and are not binding even of federal courts, however, their analysis may be persuasive.

B.    *Meaning of "Original Return" Under Oregon Law*

Defendant argues that an election filed within the extension period cannot supersede a prior election because payment is due on the original file date and interest and penalties likewise are calculated from the original file date. (Def's Reply at 2.) It is true that ORS 316.417(1) provides that payment of taxes must be made on the due date, without regard to extensions. That is why Oregon allows taxpayers to pay estimated taxes on the statutory due date. Oregon also provides a safe harbor prohibiting interest being charged on underpayments stemming from estimated taxes. ORS 316.587(8)(b). That safe harbor provision provides that underpayment of tax shall be determined based on "the return" for the year and clarifies that "[i]f an amended return is filed on or before the due date (determined *with regard to any extension of time granted the taxpayer*), then the term "return" means the amended return." ORS 316.587(9)(a) (emphasis added). *See also* OAR 150-316-0493; OAR 150-316-0485 ("Amended returns filed on or after October 6, 2001 will not affect the underpayment interest amount unless the amended return is received by the statutory due date of the original return or within the extension period granted for the original return."); *Kim v. Dept. of Rev.*, TC-MD 041019C, WL 1604945 *2 ( Or Tax M Div June 30, 2005) (finding that taxpayer's return could not be treated as "original" because they failed to file for an extension).

Under ORS 316.587 and ORS 316.588, an amended return filed before the due date, including extensions, replaces or supplements the originally filed return becoming part of the original return. The same treatment is not afforded to returns that are not timely filed. Further, the legislature has shown that it knows how to limit a time period to exclude extensions. See ORS 314.395, payment of taxes "fixed by ORS 314.385 for filing the return without regard to extensions." No such limitation language is included in ORS 316.043. Courts are not permitted to add words to a statute even if it would make sense to do so. ORS 174.010.

Defendant also argues that the legislature has drawn a distinction between amended returns and "original" returns, citing ORS 314.380(2)(c), ORS 314.415(2)(a), and ORS 305.270(1), however, none of those statutes foreclose a reading that is parallel to the federal interpretation of "original return"—those statutes concern primarily amended returns filed after the deadline for filing. ORS 314.380 (requiring taxpayer to file an original or amended return after a change in a federal or other state return); ORS 314.415(2)(a) (limiting the time for refunds to three years following the original due date, excluding extensions); ORS 305.270(2) (providing that an amended return showing a refund due shall constitute a claim for refund.) Nothing in the statutory context provided by Defendant clearly requires that "original return" mean the first paper return filed.

Defendant also argues that Oregon case law provides that irrevocable elections are binding and may not be changed once made. *Georgia-Pacific. v. Dept. of Rev.*, 5 OTR 33 (1972) concerned a property tax exemption election rather than personal income tax. The court does not find that case persuasive because the request to revoke the election was after the taxation and assessment rolls became final. *Id*. at 37. *Vickers v. Dept. of Rev.*, 11 OTR 44 (1988) concerned an Oregon irrevocable election between a property tax or personal income tax benefit, it is not clear whether taxpayer attempted to revoke the election within the period for making the original election or not.[8] In *Burris v. Dept. of Revenue*, 20 OTR 54 (2009), the Regular Division denied taxpayers' irrevocable kicker election, however, at the time, Oregon Revised Statute 305.792(3)(c) (2005) provided that "[t]he election to not claim a credit under this subsection may not be revoked by filing an amended return." Taxpayers attempted to revoke their kicker election after the returns were finalized. *Id*. at 55. The statute before the court in the present case includes no such limitation.

---

[8] Likely it was not. The original tax credit was obtained in 1980 and the attempted revocation was in 1982.

Finally, Defendant cites ORS 316.462 which provides that "[a]ny election expressly authorized by this chapter may be changed on such terms and conditions as the Department of Revenue may prescribe by regulation." However, Defendant has not prescribed any terms and conditions by regulation, and the court is not aware of an administrative rule that speaks to this particular election. The 2016 Schedule OR-PTE-FY stated that "the PTE reduced tax rate is an irrevocable election for each tax year that must be made on the original return or an amended return filed before the due date, excluding extensions." The court is aware of no authority for the department to bypass the rulemaking process and create rules by simply adding language to a form. ORS 305.100.

## III. CONCLUSION

The legislature has evinced a desire to construe terms in a manner consistent with federal tax law in the interest of consistency and predictability for taxpayers. Even if federal law is not binding in this area, it may be implied from the statutory context that the legislature intended "original return" to include any timely filed amendments. After careful consideration, the court concludes that the term "original return" in ORS 316.043 means the first return filed or any timely filed superseding amendments. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is granted.

Dated this ____ day of December 2018.

_____
RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR. Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Richard Davis and entered on December 18, 2018.*